**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

Filed By The Court
5/22/2025 5:09 PM
U.S. BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| **In re:**<br>**JACQUELINE ELIZABETH ARD AND TERRY FRANK NICOLA**<br><br>**Debtors.** | **Chapter 13**<br><br>**Case No. 25-01384-JD**<br><br>CASE #: 9:25-cv-04500-BHH-MHC |

**NOTICE OF APPEAL AND STATEMENT OF ELECTION**

**Part 1: Identify the appellant(s)**

1. Name(s) of appellant(s):

   JACQUELINE ELIZABETH ARD AND TERRY FRANK NICOLA

2. Position of appellant(s) in the adversary proceeding or bankruptcy case that is the subject of this appeal:

For appeals in an adversary proceeding.

- ❑ Plaintiff
- ❑ Defendant
- ❑ Other (describe)

For appeals in a bankruptcy case and not in an adversary proceeding.

- ☒ Debtor
- ❑ Creditor
- ❑ Trustee
- ❑ Other (describe)

**Part 2: Identify the subject of this appeal**

1. Describe the judgment, order, or decree appealed from: Order from which the appeal is taken: *Order Denying Debtors' Motion to Impose Automatic Stay* [Docket No. 55] attached hereto as **Exhibit A**.

2. State the date on which the judgment, order, or decree was entered: May 21, 2025

**Part 3: Identify the other parties to the appeal**

List the names of all parties to the judgment, order, or decree appealed from and the names, addresses, and telephone numbers of their attorneys (attach additional pages if necessary):

| Party | Attorney |
|---|---|
| 1.TMX Finance dba TitleMax of South Carolina | **John B. Kelchner**<br>PO Box 1473 (29202)<br>1901 Main St., Suite 900<br>Columbia, SC 29201<br>Telephone: 803-227-4234<br>Email: jkelchner@turnerpadget.com |
| 2.Spa on Port Royal Sound Horizontal Property Regime, Inc | **Lucas S. Fautua**<br>171 Church Street, Ste 120<br>Charleston, SC 29413<br>Telephone: (843) 714-2533<br>Email: rjones@smithdebnamlaw.com |
| 3. Trustee | **James Wyman, Trustee**<br>PO Box 997<br>Mt. Pleasant, SC 29465<br>Phone: (843) 388-9844<br>Email: 13info@charleston13.com |
| 4. Estate at Westbury | **Julie Franklin**<br>P.O. Drawer 2976<br>Bluffton, SC 29910<br>Telephone: (706) 452-1303<br>Email: jfranklinlegal@gmail.com |
| 5. West-Aircomm | **Benjamin E. Grimsley**<br>P.O. Box 11682<br>Columbia, SC 29211<br>Telephone: (803) 233-1177<br>Email: bgrimsley@dgglegal.com |

## Part 4: Optional election to have appeal heard by District Court (applicable only in certain districts)

If a Bankruptcy Appellate Panel is available in this judicial district, the Bankruptcy Appellate Panel will hear this appeal unless, pursuant to 28 U.S.C. § 158(c)(1), a party elects to have the appeal heard by the United States District Court. If an appellant filing this notice wishes to have the appeal heard by the United States District Court, check below. Do not check the box if the appellant wishes the Bankruptcy Appellate Panel to hear the appeal.

 Appellant(s) elect to have the appeal heard by the United States District Court rather than by the Bankruptcy Appellate Panel.

## Part 5: Sign below

**Jacqueline E. Ard**

By:________________________

Jacqueline E. Ard
239 Beach City Road unit 3218
Hilton Head Island, SC 29926
Mailing Address:
21215 Dartmouth Drive
Southfield, MI 48076
Telephone: (313) 770-7051

OFFICE OF THE CLERK

# UNITED STATES BANKRUPTCY COURT

DISTRICT OF SOUTH CAROLINA
J. BRATTON DAVIS UNITED STATES BANKRUPTCY COURTHOUSE
1100 LAUREL STREET
COLUMBIA, SOUTH CAROLINA 29201-2423
TELEPHONE (803)765-5436 www.scb.uscourts.gov

---

DATE: May 23, 2025

TO: TMX Finance dba TitleMax of South Carolina, John B. Kelchner, PO Box 1473, Columbia, SC 29202; Spa on Port Royal Sound Horizontal Property Regime, Inc., Lucas S. Fautua, 171 Church Street, Ste 120 Charleston, SC 29413; James Wyman, Trustee, PO box 997, Mt. Pleasant, SC 29465; Estate at Westbury, Julie Franklin, P.O. Drawer 2976, Bluffton, SC 29910; West-Aircomm, Benjamin E. Grimsley, P.O. Box 11682, Columbia, SC 29211

RE: Jacqueline Elizabeth Ard and Terry Frank Nicola, 25-01384-JD

Pursuant to Federal Rule of Bankruptcy Procedure 8003, this letter is to notify you that a notice of appeal in the above-referenced case was filed in this Court on May 22, 2025. A copy of that notice along with a copy of the judgment, order, or decree of this Court which has been appealed is included with this letter. In deciding what action to take in response to this appeal, it may be helpful to review Part VIII of the Federal Rules of Bankruptcy Procedure, which governs the procedure on an appeal from a judgment, order, or decree of a bankruptcy court.

Federal Rule of Bankruptcy Procedure 8009 sets forth the procedure and deadlines for designating the record on appeal. If you need to order transcripts, a Transcript Order Form AO435 is available through the Court's website, www.scb.uscourts.gov.

The record on appeal will be transmitted from this office to the Clerk of Court for the United States District Court for the District of South Carolina, upon completion, pursuant to Federal Rule of Bankruptcy Procedure 8010. Parties to the appeal will receive notice once the record on appeal is received by the District Court. Typically, an appeal and the associated record on appeal are transmitted to the District Court within thirty (30) days from the final designation of the record on appeal and the receipt of any requested transcript.[1]

---

[1] Transmittal may be delayed in certain instances beyond the control of the Court, such as where designations are voluminous or require the retrieval of archived documents.

At the request of the Clerk of Court for the United States District Court for the District of South Carolina, parties to this appeal are hereby advised that any designation of the record must contain a statement as to whether or not there is, or ever has been, an appeal to the District Court in any <u>related case or adversary proceeding</u>.

Lauren T Maxwell, Clerk of Court
United States Bankruptcy Court

BY: <u>/s/ K. Ralston</u>
      K. Ralston, Deputy Clerk

Enclosures

cc:    Jacqueline Elizabeth Ard and Terry Frank Nicola
       United States Trustee

# EXHIBIT A

| | | |
|---|---|---|
| 05/08/2025 | 47 (18 pgs) | Pre-Confirmation Modified Ch. 13 Plan - Conduit. Objections due no later than 7 days prior to the Confirmation Hearing Filed by Jacqueline Elizabeth Ard, Terry Frank Nicola. (Ting, K) (Entered: 05/12/2025) |
| 05/08/2025 | 48 (6 pgs) | Certificate of Service RE: Amended Schedules/Statements filed by Debtor Jacqueline Elizabeth Ard, Joint Debtor Terry Frank Nicola, Modified Plan filed by Debtor Jacqueline Elizabeth Ard, Joint Debtor Terry Frank Nicola. Filed by Jacqueline Elizabeth Ard , Terry Frank Nicola . (related document(s)46, 47). (Ting, K) (Entered: 05/12/2025) |
| 05/08/2025 | 49 (1 pg) | Correspondence: Receipt of Amendment Filing Fee (related document(s)). (Ting, K) Modified on 5/12/2025 to correct docket text (Ting, K). (Entered: 05/12/2025) |
| 05/09/2025 | | Receipt of Amendment Filing Fee - $34.00 by EM. Receipt Number 301086. (admin) (Entered: 05/09/2025) |
| 05/12/2025 | 50 (2 pgs; 2 docs) | Deficiency Notice re: Amended Schedules/Statements (related document(s)46). Filing fee paid on 05/08/2025 for additional creditors added from schedules filed 04/25/2025. Filing fee due for additional creditors from amended schedules and creditor matrix filed 05/08/2025. Deficiency Correction Due By: 5/22/2025 (Ting, K) (Entered: 05/12/2025) |
| 05/12/2025 | 51 (11 pgs) | Motion for Relief from Stay, Hearing Notice and Certificate of Service RE: 2018 Jeep Grand Cherokee, Motor Vehicle Identification No. 1C4RJFA G3JC479405. Filed by Benjamin Edward Grimsley of D'Alberto, Graham & Grimsley, LLC on behalf of WEST-AIRCOMM FEDERAL CREDIT UNION. Date Served 5/12/2025. Last day for objections is 5/27/2025. Hearing scheduled for 6/18/2025 at 11:00 AM at Charleston. (Grimsley, Benjamin) (Entered: 05/12/2025) |
| 05/12/2025 | | Receipt of Filing Fee for Motion for Relief From Stay( 25-01384-jd) [motion,mrlfsty] ( 199.00). Receipt Number A14374903, amount 199.00. (U.S. Treasury) (Entered: 05/12/2025) |
| 05/14/2025 | 52 (3 pgs) | Certificate of Service of Document as served by the Bankruptcy Noticing Center. Notice Date 05/14/2025. (Related Doc # 50) (Admin.) (Entered: 05/15/2025) |
| 05/19/2025 | | Meeting of Creditors Held and Examination of Debtor (Wyman, James) (Entered: 05/19/2025) |
| 05/21/2025 | 53 (44 pgs; 2 docs) | Response to Objection filed by Creditor TMX Finance dba TitleMax of South Carolina, Inc., Objection filed by Creditor Spa on Port Royal Sound Horizontal Property Regime, Inc., Response filed by Trustee James M. Wyman with Certificate of Service Filed by Jacqueline Elizabeth Ard (related document(s)38, 42, 44). (Attachments: # 1 Exhibits) (Dillard, S) (Entered: 05/21/2025) |
| 05/21/2025 | DOC# 55 * | Hearing Held relating to: Motion to Impose Automatic Stay filed by Debtor Jacqueline Elizabeth Ard, Joint Debtor Terry Frank Nicola. (related document(s)15). Debtors were not present the first two times the matter was called; the Ruling was read into record, and court adjourned. The Court went back on the record and read the ruling into record, again, once the Debtors arrived. The Motion is denied. The Court will prepare the Order. (Beaulieu, N) (Entered: 05/21/2025) |

**CERTIFICATE OF SERVICE**

I certify that on May 13, 2025, I caused a true and correct copy of the foregoing document to be served by the Court's CM/ECF notification system, which will send notice of electronic filing to all counsel of record, and by First Class Mail prepaid to the parties listed below:

**Trustee:**
**James Wyman, Trustee**
PO Box 997
Mt. Pleasant, SC 29465
Email: 13info@charleston13.com

**US Trustee:**
USTPRegion04.CO.ECF@usdoj.gov

**John B. Kelchner**
PO Box 1473 (29202)
1901 Main St., Suite 900
Columbia, SC 29201
Email: jkelchner@turnerpadget.com

**Lucas S. Fautua**
171 Church Street, Ste 120
Charleston, SC 29413
Email: rjones@smithdebnamlaw.com

**Julie Franklin**
P.O. Drawer 2976
Bluffton, SC 29910
Email: jfranklinlegal@gmail.com

**Benjamin E. Grimsley**
P.O. Box 11682
Columbia, SC 29211
Email: bgrimsley@dgglegal.com

Dated: May 22, 2025

Jacqueline E. Ard
Mailing Address:
21215 Dartmouth Drive
Southfield, MI 48076
Telephone: (313) 770-7051
Email: jacquelineard72@gmail.com

Case 25-01538-eg Doc 61 Date Filed 05/23/2025 Entry Number 61 Page 9 of 23

## Notice Recipients

**Recipients of Notice of Electronic Filing:**

US Trustee's Office USTPRegion04.CO.ECF@usdoj.gov
James M. Wyman 13info@charleston13.com
Elizabeth H Parrott elizabeth.parrott@mccalla.com

**Recipients submitted to the BNC (Bankruptcy Noticing Center):**

| | |
|---|---|
| | WEST−AIRCOMM FEDERAL CREDIT UNION c/o Weltman, Weinberg & Reis Co., LPA 5990 West Creek Rd, Suite 200 INDEPENDENCE, OH 44131 UNITED STATES |
| cr | Nationstar Mortgage LLC c/o McCalla Raymer Leibert Pierce, LLC Bankruptcy Department 1544 Old Alabama Road Roswell, GA 30076 UNITED STATES |
| 544518999 | A WA Collections P.O. BOX 6605 Orange, CA 92863 |
| 544518984 | AAdvantage Aviator Portfolio Recovery PO Box 8828 Wilmington, DE 19899−8828 |
| 544518985 | ADT Security Services 1501 Yamato Road Boca Raton, FL 33431 |
| 544518986 | ADT Security Services P.O. Box 650485 Pittsburgh, PA 15250 |
| 544518987 | ADT,LLC Transworld Systems Inc 500 Virginia Dr. Suite 514 Ft Washington, PAl 9304 |
| 544518996 | ATandT P.O. BOX 5080 Carol Stream, IL 60197−6080 |
| 544518998 | ATandT P.O. BOX 5080 Carol Stream, IL 60197−6080 |
| 544518988 | Allstate Indemnity POBox4310 Carol Stream, IL 60197 |
| 544518989 | Allstate Insurance P.O. Box 21169 Roanoke, VA 24018−0537 |
| 544518990 | American Express − AXPLEGALATTORNEY 500 North Franklin Turnpike No. 315 MAIL CODE 297 Ramsey, New Jersey 07446 |
| 544518991 | American Express National Bank c/o Becket and Lee PO Box 3001 Malvern PA 19355−0701 |
| 544518992 | Americollect Inc POBox2080 Manitowoc, WI 54221−2080 |
| 544518993 | Armstrong Cable P.O. Box 300 Lancaster, PA 17604−3001 |
| 544518994 | Associated Credit Services, INC P.O. Box 1201 Tewksbury, MA 01876 |
| 544518995 | Association Services, An Associa Company C/O Hilto 1040 William Hilton Pky #200 Hilton Head Island, SC 29928 |
| 544519000 | Bank of America P.O. Box 982238 El Paso TX 79998 |
| 544519001 | Barclays Bank Delaware Attention: Card Services LEGAL PO. Box 8833 Wilmington, DE 19899−8833 |
| 544519002 | Barry Mullis 239 Beach City Road Apt 2213 Hilton Head Island, SC 29926−4 713 |
| 544519003 | Beaufort County Sheriffs Department Melissa Hansen PO. Box 1758 Beaufort, SC 29901 |
| 544519004 | Beaufort County Treasurer P.O. Drawer 487 Beaufort, SC 29901−0487 |
| 544519005 | Beaumont Medical Transport Services 950 West Maple St Suite C Troy, MI 48084 |
| 544519194 | Best Law, PA Tara E. Nauful P.O. Box 2374 Mount Pleasant, SC 29465 |
| 544519006 | Braun Kendrick Finkbeiner PLC Mitchell G. Piper 4301 Fashion Square Blvd Saginaw, MI 48603 |
| 544519195 | Bromley Law Firm LLC Evan K. Bromley 211 Goethe Rd Ste B Bluffton, SC 29910−6014 |
| 544519012 | CBE Group Spectrum Mobile Attn: Client Services P.O. Box 2547 |
| 544519134 | Caine and Weiner PO. Box 55848 Sherman Oaks, CA 91413 |
| 544519007 | Capital One Auto Finance, division of AIS Portfolio Services, LLC 4515 N Santa Fe Ave. Dept. APS Oklahoma City, OK 73118 |
| 544519010 | Capone−Kohls P.O. Box 3115 Milwaukee, WI 53201−3115 |
| 544519011 | Carter−Young, Inc. 120 2nd St 2nd Fl Monroe, GA 30655 |
| 544519013 | Chase Card Services P.O. Box 6294 Carol Stream, IL 60197 |
| 544519167 | Chase Ink Business Card Services P.O. Box 15298 Wilmington, DE 198506548 |
| 544519014 | Citibank PO Box 790034 St. Louis, MO 63179−0034 |
| 544519015 | Citicorp Credit Services Attn: IRU PO. Box 790034 St. Louis, MO 63179 |
| 544519016 | Citizens Bank One Citizens Plaza Providence, RI 02903 |
| 544519017 | City of Detroit − Property Tax P.O. Box 33193 Detroit, MI 48232−5193 |
| 544519196 | City of Detroit Water and Sewerage Dept 735 Randolph St Detroit, MI 48226−2830 |
| 544519018 | Clare County 55th Judicial Circuit 225 West Main Harrison, MI 43625 |
| 544519020 | Comenity − Zales PO Box 650971 Dallas, TX 75265−0971 |
| 544519019 | Comenity Caesars Rewards P .0. Box 650960 Dallas, TX 75263−0960 |
| 544519021 | Comenity Portfolio Refresh 3095 Loyalty Circle Columbus, OH 43219 |
| 544519197 | Consumer Energy Company Attn: Legal Dept 1 Energy Plaza Dr Jackson, MI 49201−2357 |
| 544519022 | Consumers Energy Company Attn: Legal Dept One Energy Plaza Jackson, MI 49201 |
| 544519023 | County Council Of Beaufort County Assessor Real Property Services P.O. Drawer 1229 Beaufort, SC 29901 |
| 544519198 | Coyne Oil Attn: Rose 513 W 5th St Clare, MI 48617−9405 |
| 544519024 | Credit Management Company PO Box 16346 Pittsburgh, PA 15242−0346 |
| 544519025 | Credit One Bank PO Box 98875 Las Vegas, NV 89193−8875 |
| 544519026 | Crown Asset Mgmt 3100 Breckinridge Blvd Ste 725 Duluth, GA 30096−7605 |
| 544519027 | Cuyahoga Community ColJege 700 Carnegie Ave. Cleveland, OH 44115 |
| 544519036 | DNF Associates 2351 N Forest Road Suite 110 Getzville, NY 14068 |

544519037 DTE 1 Energy Plaza WCB 735 Attention Legal Dept Detroit, MI 48226−1221
544519200 DTE Energy WCB 735 Attention Legal Department 1 Energy Plaza Detroit, MI 48226−1221
544519029 Dave Yost OH Attorney General Attn: Timothy Sullivan 18013 Cleveland Pkwy Suite 180 Cleveland, OH 44135
544519199 Detroit Water and Sewerage Dept Po Box 554899 Detroit, MI 48255−4899
544519031 Dillon McCandless King Coulter, Graham, LLP 128 West Cunningham Street Butler, PA 16001
544519033 Dish Network LLC 9601 S. Meridian Blvd Englewood, CO 80112
544519034 Diverse Funding 3580 Harlem Rd Suite 6 Cheektowaga, NY 14215−2045
544519038 Duquesne Light Payment Processing Center P.O.BOX67 Pittsburgh, PA 15257−0001
544519039 Enterprise Rental Car 600 Corporate Park Drive St. Louis, Missouri 63105
544519201 Estate At Westbury Owners Assoc, Inc Board of Directors 85 Kensington Blvd Bluffton, SC 29910−4884
544519041 Fifth Third Bank MD No. ROPS05 Bankruptcy Dept 1850 East Paris SE Grand Rapids, MI 49546−6253
544519042 First Energy − Penn Power PO Box 16001 Reading, PA 19612−6001
544519043 Firstsource Advantage, LLC 205 Bryant Woods South Amherst, N Y 14228
544519044 Forefront Dermatology 801 York Street Manitowoc, WI 54220
544519045 Fortiva − Bob's Discount Furniture P.O. Box 650721 Dallas, TX 75265−0271
544519047 Garry Masterson, Weitman, Weinberg, Reis Co 5990 West Creek Road suite 200 Independence, Ohio 44131
544519048 George B. Smythe 4000 S. Faber Place Dr Suite 300 Charleston, SC 29405
544519049 Georgia Traffic PO Box 80447 Conyers, GA 30013
544519050 Go Store It 1249 Avondale Rd Hendersonville, TN 37075
544519046 Go Store It 33 Parameter Road Bluffton, SC 29910
544519051 Greensky PO. Box2730 Alpharetta, GA 30023
544519052 Hargray Communications−Cable One Inc 856 William Hilton Parkway Hilton Head Island, SC 29928−3423
544519186 Hilton Head Resort Board of Directors 663 William Hilton Pkwy Hilton Head, SC 29928−3506
544519053 Hilton Head Resort−Four Seasons Centre HHR Council of Owners Attn: Board of Directors 663 Wiliam Hilton Parkway Hilton Head Island, SC 29928−3508
544519054 Home Depot Centralized Bankruptcy P.O. Box 790034 St. Louis, MO 63179−0034
544519055 Home Depot Loan POBox2730 Alpharetta, GA 30023−2730
544519057 Honorable Nicola Henry−Taylor Allegheny Court of Common Pleas 712 City−County Building 414 Grant St Pittsburg, PA 15219
544519058 Ian D. Maguire and Tiffany Buffkin Maguire Law Firm 1600 North Oak Street Suite B Myrtle Beach, SC 29577
544519063 JPMCB Card Services PO Box 15369 Wilmington, DE 19850−5369
544519064 JPMORGAN Chase Bank Bankruptcy Mail Intake Team 700 Kansas Lane Floor 01 Monroe, LA 71203−4774
544519099 JPMorgan Chase Bank, N.A. sbmt Chase Bank USA, N.A. CO National Bankruptcy Services, LLC P.O. Box 9013 Addison, Texas 75001
544519066 JPMorgan Chase Bank, N.A. sbmt Chase Bank USA, NA. CO Robertson, Anschutz, Schneid, Crane 6409 Congress A venue, Suite 100 Boca Raton, FL 33487
544519059 Janet Spinelli 100 Kensington Blvd Apt NO. 918 Bluffton, SC 29910−7481
544519060 Jannine M. Mutterer, Esq. 5 Cedar Street Bluffton, SC 29910
544519061 John Curtis 100 Kensington Blvd Apt NO. 1603 Bluffton, SC 29910−7490
544519187 Jones, Simpson, and Newton PA Attn: Wm Weston J Newton 7 Plantation Park Drive Suite 3 Bluffton, SC 29910
544519062 Jordan Tax Service 102 Rahway Road McMurray, PA 15317−3349
544519100 Judy Vanderveer 663 William Hilton Parkway Apt 3121 Hilton Head Island, SC 29928−3524
544519188 Julie A. Franklin, Esq PO Box 2976 Bluffton, SC 29910−2976
544519189 Komatsu Benefit Dept Mark Harder 401 E Greenfield Ave Milwaukee, WI 53204−2941
544519802 LVNV Funding, LLC Resurgent Capital Services PO Box 10587 Greenville, SC 29603−0587
544519190 Law Office of Scott M. Wild LLC Scott M. Wild 37 New Orleans Road Suite F Hilton Head Island, SC 29928
544519056 Master In Equity 102 Ribaut Road 2nd Floor Beaufort, SC 29902
544519101 Midland Credit Management 320 East Big Beaver Suite 300 Troy, MI 48083
544519102 Monevolnc 8910 University Cntr Lane Suite 400 San Diego, CA 92122
544519191 Morgan Lewis & Bockius LLP Attn: Matt Hawes One Oxford Centre, Thirty−Second FL Pittsburg, PA 15219−6401
544519103 Morgan S. Templeton 145 King Street Suite 300 Charleston, SC 29402
544519104 Mr. Cooper P.O. Box 619094 Dallas, TX 75261
544519192 Mutterer Law Firm, LLC Jannine M. Mutterer, Esq 5 Red Cedar Street Suite 102 Bluffton, SC 29910
544519108 NES 2479 Edison Blvd Unit A Twinsburg, OH 44087
544519112 NORTHSTAR LOCATION SERVICES 4285 GENESEE STREET CHEEKTOWAGA, NY 14225−1943
544519105 National Credit Systems Attn: Bankruptcy PO Box 672288 Marietta, GA 30006−0039
544519106 Nationstar Mortgage PO Box 199111 Dallas, TX 75219−9111
544519193 Nationstar Mortgage, LLC Attn: Bankruptcy Department PO Box 619096 Dallas, TX 75261−9741
544519174 Nationstar Mortgage, LLC James Page Bell Carrington Price & Gregg, LLC 339 Heyward St, Second Floor Columbia, SC 29201−4390
544519107 Nationwide Credit Inc 1225 Washington St Ste 301 Tempe, AZ 85288
544519175 Norman Jewelry and Loan 24777 Telegraph Suite B Southfield, MI 48034
544519109 Norman's 24777 Telegraph Rd Southfield, MI 48033
544519117 Office Depot P.O. Box 78004 Phoenix, AZ 85062

544519113 Office Depot Business Credit Dept563−8406380360 P.O. Box 70612 Philadelphia, PA 19176−0612
544519114 Office of Sheriff Beaufort County P.O. Box 1758 Beaufort, SC 29901
544519118 Ohio Turnpike EZ Pass PO Box 94672 Cleveland, OH 44101
544519119 PA Dept of Revenue Bureau of Individual Taxes PO. BOX 280504 Harrisburg, PA 17128−0504
544519120 PA Turnpike Toll By Plate PO. Box 645631 Pittsburgh, PA 15264−5254
544519128 PLYMOUTH ROCK ASSURANCE 695 ATLANTIC AVE BOSTON, MA 02111
544519129 PNC Bank 1900 E 9th St Cleveland, OH 44114
544519176 Palmetto Electric Attn: Michelle Tyler 111 Matthews Drive Hilton Head Island, SC 29926
544519123 Peoples Gas PO. Box 644760 Pittsburgh, PA 15264−4 760
544519124 Pioneer Foot Care 2021 Freepo Rd Arnold, PA 15068
544519125 Pittsburgh Water and Sewer 1200 Penn Ave Pittsburgh, PA 15222
544519130 Pods Legal Dept 280 Leetsdale Industrial Dr, Suite 200 Leetsdale, PA 15056
544519131 Pods Legal Dept 5585 Rio Vista Dr Clearwater, FL 33760
544519177 Polly Nicola 2583 Lower Assembly Drive Fort Mill, SC 29708
544519133 Portfolio Recovery P.O. Box 8828 Wilmington, DE 19899−8828 Progressive Insurance
544519178 Progressive Insurance 30440 Lakeland Blvd Wickliffe, OH 44092
544519135 Quantum3 Group LLC agent for Crown Asset Management LLC PO Box 788 Kirkland, WA 98083−0788
544519136 Radius Global Solutions 7831 Glenroy Road Suite 250 Minneapolis, MN 55439
544519137 Resurgent Receivables, LLC Resurgent Capital Services PO Box 10587 Greenville, SC 29603−0587
544519138 Ronald Zold 1 Long Cnnc Ct Bluffton, SC 29909−7113
544519139 S.C. Dept of Revenue and Taxation P.O. Box 125 Columbia, SC 29214
544519140 SC Department of Revenue Office of General Counsel 300A Outlet Pointe Blvd Columbia, SC 29210
544519141 Scott M. Wild 37 New Orleans Road Suite F Hilton Head Island, SC 29928
544519142 Semina DeLaurentis 66 Quail Run Torrington, CT 06790−2549
544519143 Shannon Cummings 302 N. Lake St Harrison,MI 48625
544519144 South Carolina Dept of Motor Vehicles PO Box 1498 Blythewood, SC 29016−0028
544519145 Spectrum Mobile Credit Control, LLC 3300 Rider Trail S, Suite 500 Earth City, MO 63045
544519146 Synchrony Bank PO Box 669809 Dallas, TX 75266−0170
544519147 Synergetic Communication PO. Box 680608 Franklin, TN 3 7068
544519149 T−Mobile PO Box 742596 Cincinnati, OH 45274−259
544519153 TBOM−ATLS−Fortiva 6 Concourse Parkway 2nd Floor−mailroom Atlanta, GA 30328−6117
544519154 TD Bank PO Box 84037 Columbus, GA 31908−4037
544519155 TD Bank North NA 70 Gray Road Falmouth, ME 041052299
544519156 TD Bank USA−Target Credit POBox673 Minneapolis, MN 55440−0673
544519148 TMobile CO American Infosource LP 4515 N Santa Fe Ave Oklahoma City, OK 73118−7901
544519150 Tamara Slank 14686 Oakwood Drive Shelby Township, MI 48315−1530
544519151 Tate and Kirlin Assoc 4800 East Street Rd Suite 170 Trevose, PA 19053
544519179 Taybron Law Firm LLC 3399 Churchview Ave Pittsburgh, PA 15227−4358
544519157 The Hertz Corporation 8501 Williams Road Estero, FL 33928−3325
544519158 The Huntington National Bank 5555 Cleveland Avenue GW4W25 Columbus, OH 43231
544519159 The Huntington National Bank PO Box 89424 OPC856 Cleveland, OH 44101−8539
544519182 The Spa on Port Royal Sound Board of Directors 239 Beach City Road Hilton Head, SC 29926−4707
544519160 Ticket Division PA Turnpike EZ Pass 3 00 East Park Dr Harrisburg, PA 17111
544519183 Title Max Corporation 155 Bill St Savannah, GA 31401−2685
544519161 Traffic Magistrate 4819 Bluffton Parkway Bluffton, SC 29910−4622
544521096 U.S. Department of Education c/o Nelnet 121 South 13th Street LINCOLN, NE 68508
544519162 UPMC Credit Management Company P.O. Box 16348
544519126 UPMC P.O. Box 371472 Pittsburgh, PA 15242
544519163 US Department of Education CO Nelnet 121 South 13th Street Lincoln, NE 68508
544519165 Verizon Wireless Bankruptcy Admin 500 Technology Drive, Suite 550 Weldon Spring, MO 63304
544519166 Viking Client Services Hertz Damage Recovery Team 7500 Office Ridge Circle, Suite 100 Eden Prairie, MO 55344−3763
544523152 WEST−AIRCOMM FEDERAL CREDIT UNION c/o Weltman, Weinberg & Reis Co., LPA 5990 West Creek Rd, Suite 200 INDEPENDENCE, OH 44131
544519168 Wells Fargo Bank PO. Box 5058 Portland, OR 97208−5058
544519169 West Virgina Trafc Division 300 Spruce St Morgantown, WV 26505
544519170 West Virginia EZ Pass PO Box 1469 Charleston, WV 25325
544519203 West−Aircomm FCU CO Weitman, Weinberg And. Reis Co LPA 5990 West Creek Road Suite 200 Independence, OH 44131
544519204 Westlake Financial 2 Equity Way Ste 200 Westlake, OH 44145−1045
544519171 Woodlands at St Barnabas Attn: Tom Breth 128 West Cunningham Street Butler, PA 16001
544519205 Wright's Custom Body Shop LLC 1216 Leeson Ave Cadillac, MI 49601−9097
544519172 Youngstown State University 1 Tressel Way Youngstown, OH 44555
544519173 Zeidmans 2669 Gratiot Ave Detroit, MI 48207
544519206 Zeidmans Jewelry Thomas LaBret and−or Current President 24810 Evergreen Road Southfield, MI 48075

**U.S. BANKRUPTCY COURT**
**District of South Carolina**

Case Number: **25-01384-jd**

**ORDER DENYING MOTION TO IMPOSE THE AUTOMATIC STAY AND PROVIDING NOTICE OF CONVERSION OR DISMISSAL TO BAR FURTHER REFILING**

The relief set forth on the following pages, for a total of 12 pages including this page, is hereby ORDERED.

---

**FILED BY THE COURT**
**05/23/2025**

Entered: 05/23/2025

US Bankruptcy Judge
District of South Carolina

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF SOUTH CAROLINA**

| IN RE: Jacqueline Elizabeth Ard and Terry Frank Nicola, Debtor(s). | C/A No. 25-01384-JD<br>Chapter 13<br>**ORDER DENYING MOTION TO IMPOSE THE AUTOMATIC STAY AND PROVIDING NOTICE OF CONVERSION OR DISMISSAL TO BAR FURTHER REFILING** |
|---|---|

THIS MATTER is before the Court on the Motion to Impose the Automatic Stay ("Motion") filed by Jacqueline Elizabeth Ard and Terry Frank Nicola ("Debtors") requesting an automatic stay be imposed pursuant to 11 U.S.C. § 362(c)(4).[1] Three creditors filed objections to the Motion: Estates at Westbury Owners Association, Inc. ("EAW"), TMX Finance dba TitleMax of South Carolina, Inc. ("TitleMax"), and Spa on Port Royal Sound Horizontal Property Regime Inc. ("Port Royal Sound HPR"). The Chapter 13 Trustee also filed a response signaling its opposition to the Motion. Following a hearing on the Motion and an oral ruling, the Court issues the following Findings of Fact and Conclusions of Law consistent with the oral ruling.

**FINDINGS OF FACT**

Debtor Ard has filed two[2] previous bankruptcy cases under Chapter 7 in the

[1] ECF No. 15. The Court notes that the Motion purports to move for an extension of the automatic stay under 11 U.S.C. § 362(c)(3)(B), but due to Debtors' filing history the Court construes the Motion as one filed under 11 U.S.C. § 362(c)(4).

[2] *See* Case No. 96-56979-WSD and Case No. 11-55392-WSD. Debtor Ard was represented by counsel in Case No. 96-56979-WSD but proceeded *pro se* in her other individual Chapter 7 case.

9:25-cv-04508-BJH-MHC Date Filed 05/23/25 Entry Number 1 Page 14 of 23

Eastern District of Michigan. Both of Ard's individual Chapter 7 cases were discharged. As a couple, Debtors have filed two bankruptcy cases together under Chapter 13 within the past 12 months—one in this District, and one in the Eastern District of Michigan. Case No. 24-03611-JD was filed in this District on October 4, 2024, and was dismissed pursuant to 11 U.S.C. § 521(i) on November 21, 2024, for Debtors' failure to file documents required under 11 U.S.C. § 521(a).[3] Case No. 25-40952-MLO was filed in the Eastern District of Michigan on January 31, 2025, and was also dismissed for Debtors' failure to filed required documents on March 3, 2025.[4] In both of these cases, Debtors filed three motions to extend the deadline to file the schedules, statements, and disclosures required by 11 U.S.C. § 521(a). The first two motions to extend were granted in Case No. 24-03611-JD,[5] and granted and denied in part in Case No. 25-40952-MLO.[6] The third motion to extend was denied in each case.[7]

Debtors then filed this case on April 10, 2025, and this Motion on April 18, 2025. Debtors failed to comply with Local Rule 9013-4 because they did not notice the hearing on the Motion. The Court generated a hearing notice and scheduled the matter for May 22, 2025, at 11:00 AM. This hearing notice was sent to all creditors. Debtors received the notice on April 21, 2025, at the email addresses they provided

---

[3] Specifically, Debtors failed to file a Chapter 13 plan, a Declaration about an Individual Debtor(s) Schedules, Schedules D-J, a Statement of Financial Affairs, Copies of Payment Advices, Chapter 13 Statement of Income/Calculation, and a Statement of Increased Income/Expenses. ECF No. 46 of Case No. 24-03611-JD.

[4] Debtors failed to file a Chapter 13 Plan, the Chapter 13 Statement of Debtors' Current Monthly Income and Calculation of Commitment Period Form 122C-1, the Declaration About an Individual Debtor(s)' Schedules, Schedules A-J, a Statement of Financial Affairs for Individuals Filing for Bankruptcy, and a Summary of Debtors' Assets and Liabilities and Certain Statistical Information. ECF No. 64 of Case No. 25-40952-MLO.

[5] Case No. 24-03611-JD, ECF Nos. 23, 36.

[6] Case No. 25-40952-MLO, ECF Nos. 40, 58.

[7] Case No. 24-03611-JD, ECF No. 50; Case No. 25-40952-MLO, ECF No. 63.

to the Court. On April 25, 2025, Debtors filed required schedules and statements,[8] pay advices,[9] and a Plan.[10]

The Motion contends the stay must be imposed if Debtors show that the current case was filed in good faith, which, according to Debtors, the Court can determine by examining Debtors' efforts to comply with bankruptcy requirements, the circumstances of their prior dismissals and Debtors' overall conduct. Debtors assert that good faith can be inferred because Debtors have taken a corrective measure—namely, subscribing to a bankruptcy software to ensure compliance with filing requirements—to prevent the failures that hampered them in previous cases, and paid their filing fees on the date the petition was filed. Further, Debtors aver the dismissals of their previous two cases were due to circumstances beyond their control. Specifically, Debtors argue the dismissal of Case No. 24-03611-JD was due to "creditor stay violations [that] further disrupted reorganization efforts," and that Case No. 25-40952-MLO was "[d]ismissed for jurisdictional issues, not due to Debtor misconduct." In addition to seeking the imposition of the automatic stay, the Motion asks the Court to impose the stay retroactively so that it would have been in effect on the date Debtors' petition was filed.

The Motion drew a litany of creditor objections. EAW filed the first Objection to the Motion.[11] Therein, EAW argues that Debtors have failed to allege any substantial change in financial or personal affairs to overcome the presumption of

---

[8] ECF Nos. 23, 27, 28, and 30.
[9] ECF No. 29.
[10] ECF No. 30.
[11] ECF No. 36.

bad faith. Specifically, EAW points to Debtors' noncompliance with bankruptcy requirements, failure to put forth any good faith attempts at reorganization, and provision of conflicting information in their two prior bankruptcy cases. TitleMax filed the second objection to the Motion, arguing that Debtors did not show substantial changes from the prior cases and therefore do not rebut the presumption of bad faith.[12] TitleMax further alleges that Debtors purchased a 2017 Hyundai Elantra under lien to TitleMax in September of 2024, and have made no contractual payments on that vehicle to date. Port Royal Sound HPR filed the third objection in its capacity as the owners' association administering Debtors' property at 239 Beach City Road, Apartment #3218, Hilton Head Island, SC 29926.[13] Port Royal Sound HPR argues Debtors' prepetition behavior - filing each of their bankruptcy cases on the eve of three foreclosure sales – amounts to bad faith by obstructing and defrauding the creditor's rightful remedies under South Carolina law. Lastly, the Chapter 13 Trustee filed a Response to the Motion[14] to Impose, raising the question of whether Debtors have proven by clear and convincing evidence that the present case will be concluded "with a confirmed plan that will be fully performed" pursuant to 11 U.S.C. § 362(c)(4)(D)(i)(III).[15]

After these objections were filed, Debtors filed a statement of change, amended schedules D, E/F, and H, an amended declaration about individual Debtors'

[12] ECF No. 38.
[13] ECF No. 42.
[14] ECF No. 44.
[15] The Court notes that another creditor, West-Aircomm Federal Credit Union ("West-Aircomm"), has filed a motion for relief from stay in this matter. ECF No. 51. West-Aircomm has filed Proof of Claim 4-1 in this case.

schedules, an amended statement of financial affairs,[16] and a modified plan.[17] Debtors also filed a Reply ("Reply") to the creditors' objections and the Trustee's response around 8:30 PM on May 20, 2025—the night before the hearing.[18] On the morning of the hearing, Debtors contacted the Court to inform staff that they would be late to the hearing, as they were completing a seventeen hour drive to the hearing and encountered weather delays en route that would delay their arrival at Court until 11:30 AM. Debtors were not present when the matter was called at 11:00 AM. EAW, TitleMax, Port Royal Sound HPR and the Chapter 13 Trustee were all present when the matter was called, and consented to delaying the hearing until 11:30 AM to accommodate Debtors' delay. Debtors were informed that the hearing would begin at 11:30 AM and failed to appear to prosecute their motion at 11:30 AM.

At the 11:30 AM hearing, the Court issued an oral ruling denying the Motion based on Debtors' failure to prosecute and setting other conditions in this case. Debtors arrived after this ruling was issued and after the record was closed. For the benefit of Debtors, the Court went back on the record to state the ruling, now reduced to written form in this Order.

## CONCLUSIONS OF LAW

11 U.S.C. § 362(c)(4)(A)(i) provides, in relevant part, that "if a single or joint

---

[16] ECF No. 46.
[17] ECF No. 47.
[18] Debtors' Reply was accompanied by a certificate of service stating that the Chapter 13 Trustee, EAW, Port Royal Sound HPR, TitleMax, and West-Aircomm were served with the Reply on May 19, 2025; however, Ard's signature on the reply is dated May 20, 2025, so it is unclear when the Reply was sent. Nevertheless, Debtors' Reply is untimely under SC LBR 9013-2, which mandates all memoranda and briefs filed by the parties to materially assist the Court in its determination of the issues shall be filed, along with a certificate of service on all appropriate parties, no later than 7 days prior to the hearing on the matter.

case is filed by or against a debtor who is an individual under this title, and if 2 or more single or joint cases of the debtor were pending within the previous year but were dismissed ... the stay under subsection (a) shall not go into effect upon the filing of the later case[.]" If there is no stay as a result of § 362(c)(4)(A)(i), a debtor may request the stay take effect if such request is made within 30 days after the filing of the later case and if, after notice and a hearing, the debtor "demonstrates that the filing of the later case is in good faith. . .", the stay may be imposed. 11 U.S.C. § 362(c)(4)(B). A stay imposed under Section 362(c)(4)(B) "shall be effective on the date of the entry of the order allowing the stay to go into effect." 11 U.S.C. § 362(c)(4)(C).

Section 362(c)(4)(D)(i)(I) states that a case is presumptively filed not in good faith as to all creditors if "2 or more previous cases under this title in which the individual was a debtor were pending within a 1-year period." A case is presumptively filed not in good faith under Section 362(c)(4)(D)(i)(II) if "a previous case under this title in which the individual was a debtor was dismissed within the time period stated in this paragraph after the debtor failed to file or amend the petition or other documents as required by this title or the court without substantial excuse (but mere inadvertence or negligence shall not be substantial excuse unless the dismissal was caused by the negligence of the debtor's attorney), failed to provide adequate protection as ordered by the court, or failed to perform the terms of a plan confirmed by the court." Additionally, Section 362(c)(4)(D)(i)(III) states that a case is not presumptively filed in good faith if "there has not been a substantial change in the

financial or personal affairs of the debtor since the dismissal of the next most previous case under this title, or any other reason to conclude that the later case will not be concluded, if a case under chapter 7, with a discharge, and if a case under chapter 11 or 13, with a confirmed plan that will be fully performed." "The determination of good faith is necessarily fact intensive and must be conducted on a case-by-case basis. The Court should consider the totality of the circumstances . . . in making its decision." *In re Thomas*, 352 B.R. 751, 757 (Bankr. D.S.C. 2006).

Debtors have had two bankruptcy cases dismissed within the past twelve months. 11 U.S.C. § 362(c)(4)(D)(i)(I). Therefore, the automatic stay was not imposed upon the filing of this case. 11 U.S.C. § 362(c)(4)(A)(i). By statute, this case was presumptively not filed in good faith. Debtors bore the evidentiary burden of rebutting this presumption by clear and convincing evidence. 11 U.S.C. § 362(c)(4)(D); *In re Jones*, 667 B.R. 310, 312 (Bankr. D.S.C. 2025). They did not do so.

Debtors Motion sought two forms of relief. First, Debtors sought to impose a stay retroactive to the filing of this case. This is denied. 11 U.S.C. § 362(c)(4)(C) clearly prevents the Court from ordering any retroactive relief of this nature. Second, the Debtors sought to impose a stay as to all creditors for the duration of their case. This is also denied. Debtors failed to attend the hearing on the Motion[19] and prosecute it so there is no evidence to rebut the presumption of bad faith.

The hearing on the Motion is just one example of Debtors' broader pattern of

[19] The Motion cites to Debtors doing the bare minimum to maintain the case- paying the filing fee and timely filing schedules, statements, and Plan as evidence rebutting the presumption of bad faith. The Motion lacks a true account of why Debtors' previous cases were dismissed—it omits the Debtors' missteps, downplays their responsibility to comply with the Bankruptcy Code, and outright misstates the reason their case in Michigan was dismissed.

9:25-cv-05138-BHH-MHC Date Filed 05/23/25 Entry Number 1-3 Page 20 of 23

excuse, delay, and failure to take responsibility in the cases they have filed with this Court. Although they received notice of the hearing on the Motion thirty days in advance of the hearing, they failed to adequately plan so that they could attend the hearing when it started, blaming their tardiness on their drive and weather issues. Debtors attempted to shift their failures in their first case before this Court to the chapter 13 Trustee and their creditors.[20] None of these allegations were proven correct and the Court issued orders rejecting Debtors' attempt to blame the chapter 13 Trustee and their creditors for their failures in their first case.[21]

While not necessary to decide the matter due to Debtors' failure to prosecute and present evidence, the docket provides ample support that Debtors are not acting in good faith. Debtors are functionally unable to show a change in circumstances warranting another filing due to the dearth of information provided in their previous two cases. 11 U.S.C. § 362(c)(4)(D)(i)(III); *In re Thomas*, 352 B.R. 751, 756-57 (Bankr. D.S.C. 2006) (noting the Court has considered whether a debtor has experienced a change in circumstances warranting a new case in determining whether the debtor has rebutted the presumption of bad faith). In their prior cases, Debtors provided no accounting of their income and their monthly expenses, no proposed plan or other data points that could help the Court understand whether Debtors could have successfully reorganized and whether they are in a better financial position. The Court has no baseline for Debtors' financial circumstances in their prior cases, and therefore cannot determine whether a substantial change in their overall

[20] Case No. 24-03611-JD, ECF Nos. 56, 59, and 77.
[21] Case No. 24-03611-JD, ECF Nos. 74 and 118.

circumstances has occurred.

Additionally, the Plan filed by Debtors is patently unconfirmable as it violates multiple provisions of the Bankruptcy Code. 11 U.S.C. § 362(c)(4)(D)(i)(III); *In re Charles*, 334 B.R. 207, 220 (Bankr. S.D. Tex. 2005) ("If the newly-filed case is likely to result in another dismissal (whether voluntary or involuntary), then the newly filed case is likely not filed in good faith as to any non-consenting creditor."). As noted at the hearing, Debtors' Plan suffers from a long list of defects, including, but not limited to, its failure to treat secured creditors, to pay the Till interest rate of 9.00% to secured creditors,[22] to provide adequate information concerning Debtors' income and expenses such that the Court can determine whether Debtors' income will enable them to pay back their creditors as required by the Bankruptcy Code and to indicate whether the Debtor or Trustee will pay Debtors' unsecured creditors. The schedules and statements filed in this case are similarly unclear and insufficient. Therein, Debtors attempt to shield practically all property by claiming exemptions that appear improper and fail to list in Schedule G executory contracts or leases attesting to the rental contracts that account for Ard's income. Ard also appears to take a position regarding Zeidman's Jewelry that is inconsistent with her allegations in *Ard v. Zeidman's Jewelry & Loan of Southfield* (*In re Ard, et. al.*), Ch. 13, Case No. 24-03611-JD, Adv. No. 25-80005. The Court has significant questions about the feasibility of the proposed Plan based on Debtors' schedules and statements. There is no indication that the Plan has a reasonable likelihood of success. This Order provides Debtors

[22] *See*, Interest Rate in Chapter 13 Cases, United States Bankruptcy Court for the District of South Carolina (July 24, 2024), https://www.scb.uscourts.gov/news/interest-rate-chapter-13-cases-1.

9:25-cv-04508-BHH-MHC Date Filed 05/23/25 Entry Number 1 Page 22 of 23

with notice that they must amend their Plan to comply with the Bankruptcy Code no later than 28 days before the scheduled confirmation hearing on June 25, 2025, in order to have a plan considered.

Finally, Debtors filings indicate a lack of candor. *In re Thomas*, 352 B.R. at 756 (noting the Court has also considered a debtor's honesty in representing facts when determining whether the debtor has rebutted the presumption of bad faith). Debtors' Reply misstates the holding of cases cited therein. For example, Debtors assert *In re Love*, 957 F.2d 1350 (7th Cir. 1992) holds that "[c]reditor interference (e.g., unlawful repossession) justifies stay protection to preserve reorganization efforts." *In re Love* holds nothing of the sort, and in fact bears striking similarities to this case. The Seventh Circuit affirmed the bankruptcy court's dismissal of a chapter 13 case for lack of good faith. *Love*, 957 F.2d at 1362. The Court noted during the hearing that such a material misrepresentation would be grounds for sanctions under Fed. R. Bankr. P. 9011(b) if an attorney had filed the Reply.

However, this case and Debtors' opportunity for a fresh start are not without hope. Debtors have amassed real estate holdings that rival their prodigious accumulation of unsecured debt. According to the schedules, there is substantial equity in their properties to pay their unsecured creditors in full. That said, Debtors have not demonstrated a reasonable likelihood of moving this case forward to confirmation. There appears to be cause under 11 U.S.C. § 1307 to either convert this case to chapter 7 or, pursuant to 11 U.S.C. § 105, to dismiss this case to bar further refiling for a two-year period as to chapters 11, 12, and 13 should Debtors fail to

obtain confirmation of a plan on June 25, 2025. Debtors are provided with notice that the Court will consider, on its own motion, whether this case should be dismissed to bar further refiling or should be converted on July 2, 2025, at 10:00 AM. Should Debtors seek to voluntarily dismiss this case, Debtors are provided notice that the Court may condition such dismissal to bar the refiling of a further case under chapters 11, 12, or 13 for a period of two years.

**NOW THEREFORE, IT IS ORDERED**

The Motion is denied with prejudice as to Debtors;

The automatic stay imposed under 11 U.S.C. § 362(a) is confirmed to have not been effective upon the filing of this case and there is no stay in effect in this case; and

A hearing on whether this case should be dismissed to bar further refiling or converted to chapter 7 shall be held on July 2, 2025, at 10:00 AM at the United States Bankruptcy Court, 145 King Street, Suite 225, Charleston, SC 29401.

**AND IT IS SO ORDERED.**