September 12, 2025

**Jacqueline Elizabeth Ard**
**Terry Frank Nicola**
21215 Dartmouth Drive
Southfield, MI 48076
jacquelineard72@gmail.com
313-770-7051

Filed By The Court

09/15/25 4:38 p.m.
U.S. BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA

**Clerk of Court**
United States Bankruptcy Court
District of South Carolina
1100 Laurel Street
Columbia, SC 29201

**In re:** Jacqueline Elizabeth Ard and Terry Frank Nicola
**Case No.:** 25-01384–JD
**Appeal of Order Denying Motion to Impose Automatic Stay (Doc. 58)**

**Dear Clerk of Court:**

Pursuant to the directive of the United States District Court, Appellants were ordered to, by **July 18, 2025**, submit:

1. A designation of items to be included in the record on appeal; and
2. A statement of issues to be presented, as required by Fed. R. Bankr. P. 8009.

On **July 18, 2025**, I timely submitted an **Emergency Motion for Extension of Time to File Required Documents** under Rule 8009. This motion was necessitated by ongoing medical complications that impeded our ability to comply with the standard timeline.

In support of that motion, we included a letter from our treating physician, **Dr. Valerie Suski**, verifying the medical circumstances. For privacy purposes, I respectfully request that Dr. Suski's letter and any medical documents be filed under **restricted access** to protect our medical privacy while serving as verification of our July 18, 2025, filing and request for extension of time.

The above-referenced documents are enclosed herewith to verify Appellants' good faith compliance with the District Court's directive and to support the basis for the extension request.

**Enclosures:**

1. Appellants' Designation of Items to Be Included in the Record on Appeal.
2. Appellants' Statement of Issues to Be Presented.
3. Copy of Physician's Letter (to be filed under restricted access).
4. Confirmation Page and Copy of submitted Emergency Motion to Extend Deadline

I respectfully request that these documents be docketed accordingly in connection with **C/A No. 9:25-cv-04500-BHH-MHC** appeal record.

Thank you for your attention and assistance.

Respectfully submitted,

Date: _September 12, 2025_

**Jacqueline Elizabeth Ard**

By: _____

Jacqueline E. Ard
Mailing Address:
21215 Dartmouth Drive
Southfield, MI 48076
Telephone: (313) 770-7051

**Terry Frank Nicola**

By: _____

Terry F. Nicola
Mailing Address:
21215 Dartmouth Drive
Southfield, MI 48076

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| In re: Jacqueline Elizabeth Ard and Terry Frank Nicola, | ) | C/A No. 9:25-cv-04500-BHH-MHC |
| | ) | |
| | ) | Bankr No. 25-01384 |
| Debtors, | ) | |
| | ) | Chapter 13 |
| | ) | |
| Jacqueline Elizabeth Ard, Terry Frank Nicola, | ) | |
| | ) | |
| Appellants, | ) | **DESIGNATION OF ITEMS TO BE** |
| | ) | **INCLUDED IN THE RECORD ON** |
| v. | ) | **APPEAL** |
| | ) | |
| John B. Kelchner, Lucas S. Fautua, Julie Franklin, Benjamin E. Grimsley, James Wyman, | ) | |
| | ) | |
| | ) | |
| Appellees. | ) | |
| | ) | |

## Designation of Items to be Included in the Record on Appeal

Appellants, Jacqueline Elizabeth Ard and Terry Frank Nicola ("Debtors"), pro se, hereby designate the following items from the docket of the above-captioned case to be included in the Record on Appeal to the United States District Court for the District of South Carolina, pursuant to Federal Rule of Bankruptcy Procedure 8009.

This appeal is taken from the Order Denying Motion to Impose the Automatic Stay entered on May 23, 2025 (ECF Doc.58). The issues on appeal include, but are not limited to, judicial bias, legal error in applying 11 U.S.C. § 362(c)(4), and violations of the American with Disabilities Act.

The following documents are essential for the District Court's review:

1. **Pleadings and Motions Related to the Imposition of the Stay**
   - ECF 15: Debtors' Motion to Impose Automatic Stay (Filed 4/18/25)
   - ECF 24: Affidavit in Support of Motion to Impose (Filed 4/25/25)
   - ECF 36: Objection by Estate at Westbury (EAW) (Entered 4/30/25)
   - ECF 38: Objection by TMX Finance (TitleMax) (Entered 05/02/25)
   - ECF 42: Objection by Spa on Port Royal Sound (Entered 05/02/25)
   - ECF 44: Response by Chapter 13 Trustee (Entered 05/02/25)
   - ECF 51: Motion for Relief from Stay by West-Aircomm (Entered 5/12/25)
   - ECF 53: Debtors' Response to Objections (Filed 5/20/25)
   - ECF 57: Order Denying Motion to Impose (Entered 5/23/25)
   - ECF 58: Order Denying Motion to Impose and Notice (Entered 5/23/25)
     **[THE ORDER BEING APPEALED]**

- ECF 70: Motion to Convert Chapter 13 Case to Chapter 7 (Entered 6/3/25)
- ECF 71: On Motion of the Court- Show Cause Hearing Scheduled
- NO ECF: Certificate of Default Regarding Motion for Relief from the Automatic Stay and Request for Order Lifting The Automatic Stay (Entered 06/11/25
- ECF 81: Order Granting Relief From Automatic Stay by West-Aircomm (Entered 6/12/25)
- ECF 88: Notice of Medical Emergency and Emergency Motion for ADA Accommodation (Filed 06/18/25)
- ECF 89: Restricted Medical Documentation (Filed 06/18/)
- ECF 90: Order Denying Relief (ECF 88) and Rescheduling Confirmation (Filed 06/23/25)
- ECF 101: Emergency Motion for ADA Accommodation: Request for Continuance of Hearing (Filed 7/23/25)
- ECF 103: Order Denying Motion for Continuance of (ECF 101) (Entered 07/24/25)
- ECF 104: Order Granting Objection to Exemptions (Entered 07/24/25)
- ECF 109: Motion to Recuse Judge L. Jefferson Dais IV for Bias, Prejudice, And Abuse of Discretion (Filed 08/20/2025)
- ECF 118: Affidavit of Medical Harm And Recusal of Judge L. Jefferson Davis IV (08/22/25)
- ECF 127: Motion to Remove Chapter 13 Trustee (Entered 09/02/25)
- ECF 133: Order Denying Confirmation And Converting Case to Chapter 7 (Entered 09/09/25)
- ECF 59: Notice of Appeal to District Court (Filed 05/22/25)
- All May 21, 2025, hearing minutes
- All email correspondences, communication notes, inter-office notes, and call logs from Judge Davis's assistant, and Court Deputy on May 21, 2025.

## 2. Evidence of Good Faith and Financial Status (Key to Appeal):
- ECF 23: Schedule A/B (Filed 04/25/25)
- ECF 27: Schedule D/E/F/H (Filed 04/25/25)
- ECF 28: Schedule G/I/J (Filed 04/25/25)
- ECF 29: Schedule Copy of Payment Advices (Filed 04/25/25)
- ECF 30: Chapter 13 Plan (Filed 04/25/25)
- ECF 46: Amended Schedules (Filed 05/08/25)
- ECF 47: Pre-Confirmation Modified Chapter 13 Plan (Filed 05/08/25)
- NDC Case account: Showing $17,620.96 timely payments made by Debtors

## 3. Documents Demonstrating Judicial Bias and ADA Violations:
- ECF 88: Debtors' Emergency Motion for ADA Accommodations (Filed 6/18/25)
- ECF 89: Medical Documentation in Support of ADA Motion (Filed 6/18/25)
- ECF 90: Order Denying ADA Accommodations (Filed 6/23/25)
- ECF 101: Emergency Motion for ADA Accommodation/Continuance (Filed 7/23/25)
- ECF 103: Order Denying ADA Continuance (Filed 7/24/25)
- ECF 116: Emergency Motion to Rescue Judge Davis (Filed 8/22/25)
- ECF 118: Affidavit of Medical Harm and Recusal (Filed 8/22/25)
- The **Transcript and court minutes** of the Hearing Held on May 21, 2025 (Need to order)

4. **Related Orders Showing Pattern of Conduct:**
   - ECF 62: Affidavit Under Seal Case 24-03611
   - ECF 70: Objection filed by Trustee Wyman Case 24-03611
   - ECF 73: Response to Objection filed by Debtors Case 24-03611
   - ECF 74: Order Denying Motion to Reopen from Case 24-03611
   - ECF 118: Order Denying Motion for Damages Case 24-03611
   - ECF 95: Order setting hearing to consider dismissal (Entered 07/15/25) -25-01384
   - ECF 104: Order Granting Objection to Exemptions (Entered 07/24/25) -25-01384
   - All judgments and Orders of the court from Case 24-03611, including minute orders and related Adversary Proceedings 25-80005 and 25-80006

Appellants reserve the right to supplement or amend this designation if necessary.


Respectfully submitted,


DATE: SEPTEMBER 12, 2025

**Jacqueline Elizabeth Ard**

By: _____

Jacqueline E. Ard
Mailing Address:
21215 Dartmouth Drive
Southfield, MI 48076
Telephone: (313) 770-7051


**Terry Frank Nicola**

By: _____

Terry F. Nicola
Mailing Address:
21215 Dartmouth Drive
Southfield, MI 48076

From: District of South Carolina no-reply@scb.uscourts.gov

Subject: You submitted documents to South Carolina Bankruptcy Court

Date: Jul 18, 2025 at 8:31:34 PM

To: jacquelineard72@gmail.com

Submitted values are:

Filer's Name: Jacqueline Ard
Filer's Email Address: jacquelineard72@gmail.com
Filer's Phone Number: 313-770-7051
Case Number (if known): 9:25-cv-04500-BHH-MHC
Are you filing documents to complete your eSR submission for a new petition: No
 ==Documents==
   Document Description: Motion for Extension to File Documents
    ==More Documents==

**This email was sent from an unmonitored email account. Please DO NOT reply to this email address.**

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| In re: Jacqueline Elizabeth Ard and Terry Frank Nicola, | ) ) ) | C/A No. 9:25-cv-04500-BHH-MHC |
| Debtors, | ) ) ) | |
| ———————————————— | ) | |
| Jacqueline Elizabeth Ard, Terry Frank Nicola, Appellants, | ) ) ) | **EMERGENCY NOTICE AND MOTION TO EXTEND DEADLINE TO FILE REQUIRED DOCUMENTS** |
| v. | ) ) | |
| John B. Kelchner, Lucas S. Fautua, Julie Franklin, Benjamin E. Grimsley, James Wyman, | ) ) ) ) | |
| Appellees. | ) ) | |
| ———————————————— | ) | |

Appellants Jacqueline E. Ard (Ard) and Terry Frank Nicola (Nicola), hereby move this Court for an order extending time to file required documents as follows:

(1)     Appellants to submit a designation of items to be included in the record on appeal, as required by Fed. R. Bankr. P. 8009, to the Clerk of Court for the United States Bankruptcy Court for the District of South Carolina at 1100 Laurel Street, Columbia, South Carolina 29201-2423.

(2)     Appellants to submit a statement of issues to be presented, as required by Fed. R. Bankr. P. 8009, to the Clerk of Court for the United States Bankruptcy Court for the District of South Carolina at 1100 Laurel Street, Columbia, South Carolina 29201-2423.

Debtors are both permanently disabled and have experienced a multitude of physical and financial complications in the last month. Debtors transportation was improperly repossessed on June 10, 2025. The illegal action prevented the Debtors from accessing medical treatment vital to their health and wellbeing. As a result, Debtors medical conditions have declined and Debtors are currently experiencing a health crisis.

Debtors request that this Court grant a 45 day extension to submit the above requirements to continue their Appeal.    A 45 day extension will allow the Debtors to obtain adequate transportation to seek the medical treatment that they need.

Pursuant to 42 U.S.C. § 12132 Debtors request this Court to make reasonable ADA accommodations to provide adequate access to the judicial system. The Debtors are providing a letter from their Physician requesting reasonable accommodations from the Court.

Debtors respectfully requests that this Court grant a 45 Day extension in the above case.

**Date: July 18, 2025**

**Respectfully submitted,**

Jacqueline E. Ard
21215 Dartmouth Dr
Southfield, MI 48076
(313) 770-7051
jacquelineard72@gmail.com

Terry F. Nicola
21215 Dartmouth Dr
Southfield, MI 48076

2

Filed By The Court

09/15/25 4:38 p.m.
U.S. BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| In re: Jacqueline Elizabeth Ard and Terry Frank Nicola, | ) C/A No. 9:25-cv-04500-BHH-MHC |
| | ) |
| | ) Bankr No. 25-01384 |
| Debtors, | ) |
| | ) Chapter 13 |
| ——————————————— | ) |
| | ) |
| Jacqueline Elizabeth Ard, Terry Frank Nicola, | ) |
| | ) |
| Appellants, | ) |
| | ) **STATEMENT OF ISSUES TO BE** |
| v. | ) **PRESENTED PURSUANT TO FED.** |
| | ) **R. BANKR. P. 8009(a)(1)(B)** |
| John B. Kelchner, Lucas S. Fautua, Julie Franklin, Benjamin E. Grimsley, James Wyman, | ) |
| | ) |
| | ) |
| Appellees. | ) |
| ——————————————— | ) |

### Statement of Issues to Be Presented

Appellants, Jacqueline Elizabeth Ard and Terry Frank Nicola ("Debtors"), *pro se*, hereby state the issues to be presented to the United States District Court for the District of South Carolina on appeal from the Order denying Motion to Impose the Automatic Stay entered on May 23, 2025 (ECF Doc 58).

### Introduction

This appeal arises from the Bankruptcy Court's denial, with prejudice, of Appellants' Motion to Impose the Automatic Stay under 11 U.S.C. § 362(c)(4). The Bankruptcy Court's ruling was punitive, disproportionate, and unsupported by the record. Despite Appellants' documented disabilities, good faith compliance in the current case, and evidence of pervasive creditor misconduct, the court dismissed their motion on procedural grounds and imposed sanctions that effectively foreclosed further relief. These rulings deprived Appellants of the protections Congress intended under the Bankruptcy Code, violated due process and the Americans with Disabilities Act, and created the appearance of judicial bias requiring recusal. The issues presented on appeal include the following:

## I. Denial of Motion to Impose the Automatic Stay

1. Whether the Bankruptcy Court erred in failing to recognize that, at the time of the hearing on the motion to Impose, the Debtors had:

   a. Filed a Good-Faith Response and Memorandum to Creditors Objection to the Motion to Impose.

   b. Filed all required documents, timely.

   c. Submitted a feasible Chapter 13 plan, and

   d. Made timely plan payments according to the proposed plan.

2. Whether the Bankruptcy Court abused its discretion by entering its denial "with prejudice," thereby imposing a disproportionately harsh sanction (against disabled, *pro se* Debtors absent any finding of bad faith) relative to the circumstances and contrary to the Fourth Circuit's direction that dismissals with prejudice are a "drastic remedy" to be used only in extreme cases. See *Gunvor SA v. The Ship's Boat*, 948 F.3d 216 (4th Cir. 2020).

3. Whether the Bankruptcy Court abused its discretion by threatening a two-year filing bar under 11 U.S.C. § 105(a) where no egregious abuse was shown and the delay was caused by disability-related complications.

4. Whether the Bankruptcy Court misapplied the legal standard for "bad faith" under §§ 362(c)(3)–(4) by imputing deficiencies from prior dismissed cases to the current proceeding, despite Appellants' correction of those deficiencies and demonstrated compliance through timely schedules, a feasible Chapter 13 plan, and plan payments totaling $17,620.96.

5. Whether the Bankruptcy Court abused its discretion by failing to consider pervasive creditor misconduct—including repossessions, utility disconnections, and foreclosure activity—as the primary cause of delays in prior proceedings.

6. Whether the Bankruptcy Court erred by refusing to exercise its equitable powers under 11 U.S.C. § 105(a) to impose or retroactively apply the stay to prevent catastrophic harm to the Debtors and their estate.

## II. Due Process and Procedural Errors

6. Whether the Bankruptcy Court violated Debtors' due process rights and abused its discretion by dismissing their motion for failure to prosecute after they provided a 2-hour

advanced notice of their delayed arrival (which was due to medical complications and weather conditions during their 17-hour drive to the court). The court agreed to wait, all parties were present when the Debtors, ready to proceed, arrived 37 minutes late, but the Court refused to proceed with the hearing.

7. Whether the Bankruptcy Court's denial of the Motion to Impose with prejudice forced disabled debtors to pursue a costly and complex appeal as their only remedy, thereby infringing their Fourteenth Amendment right of access to the courts.

8. Whether the Bankruptcy Court violated Appellants' due process rights by adjudicating disputed issues of fact, including findings of bad faith and rejection of creditor misconduct allegations, without an evidentiary hearing.

9. Whether the Bankruptcy Court's imposition of severe procedural sanctions against disabled pro se litigants, without adequate consideration of their disabilities and bona fide efforts to comply, violated the Court's obligation to ensure meaningful access to justice.

## III. Violations of the Americans with Disabilities Act

9. Whether the Bankruptcy Court violated Title II of the Americans with Disabilities Act (42 U.S.C. § 12132) and due process by repeatedly denying reasonable accommodations, including requests for remote appearances, brief continuances, or recesses, despite Appellants' documented medical conditions.

## IV. Judicial Bias and Appearance of Partiality

12. Whether the Bankruptcy Court's repeated use of hostile, prejudicial, and condescending language accusing Appellants of "excuses" and "delay tactics," coupled with adverse rulings unsupported by evidence, demonstrated actual bias or created the appearance of partiality requiring recusal under 28 U.S.C. § 455(a).

13. Whether the cumulative effect of the Bankruptcy Court's actions—including the denial of accommodations, punitive sanctions, refusal to address creditor misconduct, and prejudicial language—created systemic bias against pro se disabled debtors and violated their right to an impartial tribunal.

## V. Failure to Advance the Remedial Purposes of the Bankruptcy Code

14. Whether the Bankruptcy Court abused its discretion by imposing litigation burdens on disabled, pro se debtors while ignoring documented creditor violations of the automatic stay that created an overwhelming and undue litigation burden, effectively impeding Appellants' reorganization efforts.

15. Whether the denial of the Motion to Impose the Automatic Stay deprived Appellants of meaningful bankruptcy protection and undermined the remedial purpose of Chapter 13, which is to provide honest but struggling debtors an opportunity for reorganization.

16. Whether the Bankruptcy Court's cumulative rulings stripped Appellants of the fresh start promised under the Bankruptcy Code by denying protections without clear and convincing evidence of bad faith.

Appellants reserve the right to supplement or amend this Statement of Issues to be Presented, if necessary.

Respectfully submitted,

**Jacqueline Elizabeth Ard**

By: _____    DATE 9-12-25

Jacqueline E. Ard
Mailing Address:
21215 Dartmouth Drive
Southfield, MI 48076
Telephone: (313) 770-7051

**Terry Frank Nicola**

By: _____    9-12-25

Terry F. Nicola
Mailing Address:
21215 Dartmouth Drive
Southfield, MI 48076