UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| In re: Jacqueline Elizabeth Ard and Terry Frank Nicola, | ) | C/A No. 9:25-cv-04500-BHH-MHC |
| | ) | |
| | ) | **ORDER** |
| Debtors, | ) | |
| | ) | |
| | ) | |
| Jacqueline Elizabeth Ard, Terry Frank Nicola, | ) | |
| | ) | |
| Appellants, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| John B. Kelchner, Lucas S. Fautua, Julie Franklin, Benjamin E. Grimsley, James Wyman, | ) | |
| | ) | |
| | ) | |
| | ) | |
| Appellees. | ) | |
| | ) | |

This is a pro se appeal from the United States Bankruptcy Court for the District of South Carolina (Bankruptcy Court) filed by Appellants Jacqueline E. Ard and Terry Frank Nicola, proceeding pro se. Pursuant to 28 U.S.C. § 636(b)(1)(A) and Local Civil Rule 73.02(B)(2)(e) (D.S.C.), all pretrial matters in cases involving pro se litigants are referred to a United States Magistrate Judge for consideration.

On February 27, 2026, Appellants filed a Motion for Leave to Participate in Electronic Case Filing (ECF) as Pro Se Appellants. They contend that they make their request "in good faith to facilitate efficient case administration, ensure timely compliance with Court deadlines, and reduce the substantial physical and logistical burdens Appellants face from litigating this matter by paper filing alone." ECF No. 13 at 1. Appellants contend that they face significant medical and logistical barriers which make "in-person filing and rapid paper service unusually burdensome." *Id.* at 2.

Rule 5(d)(3) of the Federal Rules of Civil Procedure provides that pro se litigants "may file electronically only if allowed by court order or by local rule." Fed. R. Civ. P. 5(d)(3). The filings in the instant case are governed by the District of South Carolina's Local Civil Rules and Electronic Case Filing Policies and Procedures, which specifically provide: "A Pro Se Party may not register as a Filing User to file electronically in the ECF System." ECFPP § 3.3. "A Pro Se Party shall file papers in the Traditional Filing Method." *Id.* This requires Appellants to file original paper documents bearing their signature. *See id.* at § 1.13. Because neither Appellant is a filing user of CM/ECF, they "shall be served with electronically-filed documents through Traditional Service," meaning they shall be served with "a paper copy of the document using the forms of service

authorized under the Federal Rules of Civil Procedure." §§ 1.14, 11.2.2; *see also* Local Civil Rule 5.02(B). Accordingly, Appellants' Motion (ECF No. 13) is **DENIED**.

The Clerk of Court shall mail a copy of this Order to Appellants at their address of record. The Office of the Clerk of Court shall not enter any change of address submitted by an Appellant which directs that mail be sent to a person other than that Appellant unless that person is an attorney admitted to practice before this court who has entered a formal appearance.

**IT IS SO ORDERED.**

Molly H. Cherry
United States Magistrate Judge

March 27, 2026
Charleston, South Carolina

2