UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| In re: Jacqueline Elizabeth Ard and Terry Frank Nicola, | ) ) ) ) ) | C/A No. 9:25-cv-04500-BHH-MHC |
| Debtors, | ) | **REPORT AND RECOMMENDATION** |
| | ) ) | |
| Jacqueline Elizabeth Ard, Terry Frank Nicola, | ) ) | |
| Appellants, | ) ) | |
| v. | ) ) ) | |
| John B. Kelchner, Lucas S. Fautua, Julie Franklin, Benjamin E. Grimsley, James Wyman, | ) ) ) ) | |
| Appellees. | ) ) ) | |

This is a pro se appeal from the United States Bankruptcy Court for the District of South Carolina (Bankruptcy Court) filed by Appellants Jacqueline E. Ard (Ard) and Terry Frank Nicola (Nicola), proceeding pro se. The docket number for the Bankruptcy Court action is Case No. 25-1384-JD (Bankr. 25-1384). Pursuant to 28 U.S.C. § 636(b)(1)(A) and Local Civil Rule 73.02(B)(2)(e) (D.S.C.), all pretrial matters in cases involving pro se litigants are referred to a United States Magistrate Judge for consideration.

## I.    BACKGROUND

On October 24, 2024, Appellants filed a Chapter 13 voluntary petition in the Bankruptcy Court in case number 24-03611-JD (Bankr. 24-3611). Doc. No. 1.[1] On November 21, 2024, the Bankruptcy Court entered an order confirming dismissal pursuant to 11 U.S.C. § 521(i)(2) based

---

[1] In this Report and Recommendation, entries on the docket for present case (25-4500) in this Court are referred to as "ECF No. ___" and entries on the docket for cases in the Bankruptcy Court case and other cases in this Court are referred to as "Doc. No. __."

on the failure of Appellants to file all required information. Bankr. 24-3611, Doc. No. 46. The Bankruptcy Court entered an Order denying Appellants' motion for damages for violation of the automatic stay on April 29, 2025 (Bankr. 24-3611, Doc. No. 118), and Appellants appealed the Bankruptcy Court order to this Court on May 14, 2025. *See In re Ard*, No. 9:25-cv-04019-BHH-MHC (25-4019), Doc. No. 1. A proper form order, directing Appellants to pay the filing fee, provide a designation of items to be included in the record on appeal (designation of items), and provide a statement of issues to be presented (statement of issues) was entered. *Id.*, Doc. No. 4. After Appellants failed to comply, a second proper form order was entered on July 1, 2025, and an order extending the time for Appellants to comply was entered on July 23, 2025. 25-4019, Docs. 10 and 13. However, Appellants did not pay the filing fee and did not provide the designation of items and statement of issues. It was recommended that the appeal be dismissed for Appellants' violation of the rules of bankruptcy procedure. *Id.*; Doc. No. 16. On November 5, 2025, the District Judge adopted the report and recommendation and dismissed the bankruptcy appeal. *Id.*, Doc. No. 18, *see also* Bankr. 24-3611, Doc. No. 137.

On January 31, 2025, Appellants filed a Chapter 13 voluntary petition in the Bankruptcy Court for the Eastern District of Michigan. On March 3, 2025, the petition was dismissed because the Appellants failed to file the required paperwork including the Chapter 13 Plan, Chapter 13 Statement of Current Monthly Income and Calculation of Commitment Period Form 122C-1, Declaration about Individual Debtors Schedules, Schedules A-J, Statement of Financial Affairs for Individuals Filing for Bankruptcy, and Summary of Assets and Liabilities and Certain Statistical Information. *In re Ard*, No. 25-40952-MLO (Bankr. E.D. Mich), Doc. Nos. 1, 64.

On April 10, 2025, Appellants filed a Chapter 13 voluntary petition in the Bankruptcy Court of South Carolina that is the subject of this appeal. Bankr. 25-1384, Doc. No. 1.[2] Appellants filed a motion to impose automatic stay in the Bankruptcy Court on April 18, 2025. *Id.*, Doc. No. 15. On April 21, 2025, the Bankruptcy Court issued a notice for a hearing to be held on the motion on May 21, 2025. *Id.*, Doc. No. 18. The hearing was held on May 21, 2025, at which time it was noted that the Bankruptcy Court would prepare an order as to the denial of Appellants' motion to impose the automatic stay. *Id.*, Doc. No. 55.

On May 22, 2025, Appellant Ard filed a notice of appeal in the Bankruptcy Court of an appeal to the District Court. Bankr. 25-1384, Doc. No. 59. On May 23, 2025, the Bankruptcy Court entered an order denying the motion to impose the automatic stay and providing notice of conversion or dismissal to bar further refiling.[3] *Id.*, Doc. No. 57. On May 23, 2025, a letter from the Bankruptcy Court Clerk of Court was sent to Appellant Ard indicating that her Notice of Appeal was not accompanied by the required filing fee of $298.00 (*see* 28 U.S.C. § 1930) and directing Ard to submit the total filing fee on or before June 2, 2025. *Id.*, Doc. No. 60. The appeal filing fee was paid on June 3, 2025.

---

[2] In the Petition, Ard asserted that she lived at an address on Beach City Road in Hilton Head, South Carolina, but her mailing address was in Southfield, Michigan. Nicola alleged he resided at an address on William Hilton Parkway in Hilton Head, South Carolina, but his mailing address was the same as Ard's mailing address. Bankr. 25-1384, Doc. No. 1 at 2.

[3] The Bankruptcy Court noted that the morning of the hearing, Appellants contacted the Bankruptcy Court to inform staff they would be late to the hearing because they were completing a seventeen-hour drive (which appears to have been from their residence in Michigan to the Bankruptcy Court in Charleston, South Carolina) to the hearing, they encountered weather delays on their drive, and they would not arrive until 11:30 a.m. Appellants were not present when the hearing was called at 11:00 a.m. and the Trustee and creditors present consented to a delay until 11:30 a.m. to accommodate Appellants' delay. Appellants were not present at 11:30 a.m. and the Bankruptcy Court denied their motion. Appellants arrived after the ruling was issued and after the record was closed. Bankr. 25-1384, Doc. No. 57.

A Proper Form Order, directing Appellant Nicola to sign the Notice of Appeal and Statement of Election and directing Appellants to submit a designation of items to be included in the record and to submit a statement of issues to be presented, was entered on June 13, 2025. ECF No. 3. An Amended Notice of Appeal, signed by both Appellants, was filed June 25, 2025. ECF No. 6. However, Appellants did not file their designation of items to be included in the record on appeal or their statement of issues to be presented. A Second Proper Form Order was entered on July 1, 2025, directing Appellants to file the required items on or before July 18, 2025. ECF No. 7. On July 25, 2025, the Bankruptcy Court issued a Transmittal of Record on Appeal (Bankr. Doc. No. 106) in which it was noted that Appellants had not filed their designation of items to be included in the record. ECF No. 9.

On October 1, 2025, copies of Appellants' designation of items and statement of issues were transmitted to this Court. ECF No. 11. These items were not timely filed.[4]

After filing this appeal, Appellants filed three additional actions in this Court, including two additional appeals of orders entered in Bankr. 25-1384. On August 20, 2025, Appellants filed a motion to recuse Bankruptcy Judge L. Jefferson Davis IV for alleged bias, prejudice, and abuse of discretion. Bankr. 25-1384, Doc. No. 109. Appellants also filed an emergency motion to recuse Judge Davis on August 22, 2025. *Id.*, Doc. No. 116. The Bankruptcy Court issued an order denying confirmation, converting the Chapter 13 case to Chapter 7, and denying recusal on September 9,

---

[4] With the transmission is a copy of "Emergency Notice and Motion to Extend Deadline to File Required Documents" requesting a 45-day extension to file the required documents. ECF No. 11 at 7-8. Although Appellants wrote "United States District Court" in the caption, there is no indication that the motion was filed in this Court until it was filed as part of the transmission on October 1, 2025. Moreover, even if the Appellants could show the motion to extend time was received by the Court and if the motion had been granted, the required documents (which the Appellants dated September 12, 2025, and which the Bankruptcy Court stamped as received on September 15, 2025), were filed more than 45-days after the deadline in the Second Proper Form Order.

2025. *Id.*, Doc. No. 133. A Notice of Appeal from the Bankruptcy Court was filed in this Court on September 15, 2025. *In re Ard*, No. 9:25-cv-12567-BHH-MHC, Doc. No. 1. On December 30, 2025, the Bankruptcy Court filed a Transmittal of Record on Appeal indicating that no designation of record was received from Appellants. *Id.*, Doc. No. 3.

On February 4, 2026, Appellants filed a motion in this Court to Withdraw Reference in Bankruptcy Adversary Proceeding 25-80061-JD. Defendants filed responses in opposition to the motion *Ard v. The Spa on Port Royal Sound Horizontal Property Regime*, No. 9:26-cv-00425-BHH-MHC, Docs. 1, 3, 4, 5, 6. There is no notation on the Bankruptcy Court docket to indicate that Appellants paid the filing fee in the Bankruptcy Court.

On March 9, 2026, Appellants Ard and Nicola filed a Notice of Appeal and Statement of Election as to the Bankruptcy Court's Order Approving Sale. *In re Ard,* No. 9:26-cv-00994-BHH-MHC, Doc. No. 1. There is no indication that Appellants paid the appeal filing fee or submitted the designation of record and statement of issues in that case.

## II.     <u>STANDARD OF REVIEW</u>

Under established local procedure in this judicial district, a careful review has been made of the pro se notice of appeal. As pro se litigants, the petitioners' pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89 (2007). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.,* 901 F.2d 387, 391 (4th Cir. 1990).

### III.     DISCUSSION

It is recommended that this Appeal be dismissed and that Appellants' motions to stay and/or for injunctive relief be denied for the reasons discussed below.

A.     Interlocutory Appeal

Appellants are challenging the Bankruptcy Court's order denying their motion to impose the automatic stay. In the "Findings of Fact" section of the Bankruptcy Court's order it was noted that Appellants filed two bankruptcy cases under Chapter 13 within the previous twelve months, one in the District of South Carolina (24-03611-JD on October 4, 2024) and the other in the Eastern District of Michigan (25-40952-MLO on January 31, 2025).[5] It was also noted that the previous Chapter 13 cases were dismissed based on Appellants' failure to file documents required under 11 U.S.C. § 521(a) after two motions to extend were granted. Doc. No. 57 at 2-3.

The Bankruptcy Court found that because Appellants had two bankruptcy cases dismissed within the previous twelve months, the automatic stay was not imposed upon the filing of this case. Bankr. 25-1384, Doc. No. 57; *see* 11 U.S.C. § 362(c)(4)(D)(i)(I) and (c)(4)(A)(i). Citing to 11 U.S.C. § 362(c)(4)(D) and *In re Jones*, 667 B.R. 310 (Bankr. D.S.C. 2025), the Bankruptcy Court found that by statute that Bankr. No. 25-1384 was presumptively not filed in good faith and that Appellants bore the evidentiary burden of rebutting the presumption by clear and convincing evidence. The Bankruptcy Court concluded that Appellants did not do so. Bankr. 25-1384, Doc. No. 57 at 7-8.

In denying the Appellants' request to impose a stay retroactive to the filing of the case, the

---

[5] In the order, the Bankruptcy Court also noted that Appellant Ard filed two previous bankruptcy cases under Chapter 7 (Bankruptcy Court for the Eastern District of Michigan case numbers 96-56979-WSD (in which Ard was represented by counsel) and 11-55392-WSD (in which Ard proceeded pro se)) that were discharged.

Bankruptcy Court noted that "§ 362(c)(4)(C) clearly prevents the [Bankruptcy] Court from ordering any retroactive relief of this nature." Doc. No. 57 at 8. The Bankruptcy Court denied the Appellants' request to impose a stay as to all creditors for the duration of their case, stating that Appellants failed to attend the hearing on the Motion and to prosecute such that there was no evidence to rebut the presumption of bad faith. *Id.*

In denying the Appellants' motion to impose a stay, the Bankruptcy Court also noted that Appellants' failure to attend the hearing on the motion was "just one example of [Appellants'] broader pattern of excuse, delay, and failure to take responsibility in the cases they have filed with this Court." Bankr. 25-1384, Doc. No. 57 at 8-9. Additionally, the Bankruptcy Court found that "the docket provides ample support that [Appellants] are not acting in good faith." *Id.* at 9. The Bankruptcy Court, citing 11 U.S.C. § 362(c)(4)(D)(i)(III) and *In re Charles*, 334 B.R. 207, 220 (Bankr. S.D. Tex. 2005) ("If the newly-filed case is likely to result in another dismissal (whether voluntary or involuntary), then the newly filed case is likely not filed in good faith as to any non-consenting creditor."), also indicated that the Plan filed by Appellants was "patently unconfirmable as it violates multiple provisions of the Bankruptcy Code." *Id.* at 10-11. Finally, the Bankruptcy Court found that Appellants' filings indicated a lack of candor including that their reply misstated the holding of cases cited therein. *Id.* at 11.

Before this Court can consider the merits of the appeal, it must first address the threshold question of whether the appeal is proper. Although final orders of a bankruptcy court are appealable to the district court under 28 U.S.C. § 158(a)(1) as a matter of right, interlocutory orders and decrees of the bankruptcy court generally require leave of the district court for such appellate review under 28 U.S.C. § 158(a)(3). "Orders in bankruptcy cases qualify as 'final' when they definitively dispose of discrete disputes within the overarching bankruptcy case." *Ritzen Grp., Inc.*

*v. Jackson Masonry, LLC*, 589 U.S. 35, 37 (2020) (citing *Bullard v. Blue Hills Bank*, 575 U.S. 496, 501 (2015)); *see In re Daufuskie Island Props., Inc.*, 441 B.R. 49, 55 (Bankr. D.S.C. 2010) ("Final orders are those that resolve the litigation, decide the merits, settle liability, establish damages, or determine the rights of the parties.") (citing *In re Looney*, 823 F.2d 788, 790 (4th Cir. 1987)).

The determination of "[w]hat constitutes a final judgment in a bankruptcy proceeding is more forgiving than the standard [that applies] to civil proceedings under 28 U.S.C. § 1291." *In re Rood*, 426 B.R. 538, 546 (D. Md. 2010). "As a general rule, a final judgment under 28 U.S.C. § 1291 is one which ends the litigation ... and leaves nothing for the court to [do] but execute the judgment." *Id.* (internal quotation marks omitted). "An interlocutory order, by contrast, is 'one which does not finally determine a cause of action but only decides some intervening matter pertaining to the cause, and which requires further steps to be taken to enable the court to adjudicate the cause on the merits.'" *Id.* (quoting *In re Hebb*, 53 B.R. 1003, 1005 (D. Md. 1985)).

Here, Appellants' appeal is interlocutory as it does not end litigation or settle merits questions in the case in the Bankruptcy Court. It challenges the denial of Appellants' motion to impose an automatic stay that is not a final order. *See, e.g. Hodges v. Holland*, No. 6:25-CV-05755-JDA-KFM, 2025 WL 2638763, at * 2 (D.S.C. Aug. 12, 2025) (finding that appeal challenging denial of a motion to reinstate or for an extension of an automatic stay was not a final order), *report and recommendation adopted*, No. 6:25-CV-05755-JDA, 2025 WL 2638312 (D.S.C. Sept. 12, 2025).

Thus, because Appellants seek to appeal an interlocutory order, and not a final order, they cannot appeal the order "as a matter of right, but instead must apply to the District Court, which has discretion over whether to grant leave to appeal." *Davis v. Taylor*, No. 2:12-cv-3208-RMG-BM, 2012 WL 6055452, at *2 (D.S.C. Nov. 16, 2012), *report and recommendation adopted*, 2012

WL 6085245 (D.S.C. Dec. 6, 2012*); see also In re Swann Ltd. P'ship*, 128 B.R. 138, 139 (D. Md. 1991) (explaining 28 U.S.C. § 158 "makes the hearing of interlocutory appeals discretionary by requiring 'leave of court' ").[6]

Leave to appeal a bankruptcy court order is governed by Federal Rule of Bankruptcy Procedure 8004(d), which provides that if an appellant timely files a notice of appeal but does not include a motion for leave, the district court may order the appellant to file a motion for leave to appeal, or treat the notice of appeal as a motion for leave and either grant or deny it. *See Pub.-Sector Sols., Inc. v. Hunt & Assocs., P.C.*, No. JKB-22-cv-02086, 2022 WL 4104342, at *2 (D. Md. Sept. 8, 2022). Here, Appellants did not request leave to file an interlocutory appeal in this Court as required by 28 U.S.C. § 158(a)(3). Construing Appellants' Notice of Appeal as a motion for leave to appeal an interlocutory order or orders of the Bankruptcy Court, the request should be denied.

"Under § 158(a), the decision whether to grant leave to appeal from a bankruptcy court's interlocutory order is committed to the district court's discretion." *In re Wallace & Gale Co.*, 72 F.3d 21, 25 (4th Cir. 1995). "[I]nterlocutory appeals are generally disfavored and should be reserved for a narrow question of pure law whose resolution will be completely dispositive of the litigation." *Pieterse v. Tyler Donegan Duncan Real Est. Servs., Inc.*, No. 8:22-cv-00900-PX, 2022 WL 13937215, at *3 (D. Md. Oct. 24, 2022) (internal quotation marks omitted). In deciding whether to grant leave in a particular case, "district courts regularly look by analogy to the standard announced in 28 U.S.C. § 1292(b), which governs interlocutory appeals in non-bankruptcy cases."

---

[6]  Under 28 U.S.C. § 158, district courts have jurisdiction to hear appeals "(1) from final judgments, orders, and decrees; (2) from interlocutory orders and decrees issued under section 1121(d) of title 11 ...; and (3) with leave of the court, from other interlocutory orders and decrees; of bankruptcy judges ...." 28 U.S.C. § 158(a). As noted above, this is not a final order such that the first avenue is not available. The Bankruptcy Court's order was not issued pursuant to 11 U.S.C. § 1121(d) such that the second avenue is not available.

*In re Health Diagnostic Lab'y, Inc.*, No. 3:17-cv-297, 2017 WL 2129849, at \*2 (E.D. Va. May 16, 2017); *see also France v. United States Tr.*, No. 2:20-cv-04199-BHH-MHC, 2022 WL 494118, at \*4 (D.S.C. Jan. 27, 2022) ("When evaluating a motion for leave to appeal under 28 U.S.C. § 158(a)(3), district courts in the Fourth Circuit employ the same basic analysis used to evaluate a motion for leave to appeal under 28 U.S.C. § 1292(b)."), *report and recommendation adopted*, 2022 WL 486997 (D.S.C. Feb. 17, 2022). "[U]nder § 1292(b), leave to file an interlocutory appeal should be granted only where (i) the order involves a controlling question of law, (ii) as to which there is substantial ground for difference of opinion, and (iii) immediate appeal would materially advance the termination of the litigation." *Chesapeake Appalachia, LLC v. Suppa*, No. 1:14-cv-159, 2015 WL 12755624, at \*3 (N.D.W. Va. Oct. 15, 2015) (internal quotation marks and citation omitted). "[B]ecause § 1292(b) is contrary to the general rule that appeals may be had only after a final judgment, it should be used sparingly and its requirements must be strictly construed." *Difelice v. U.S. Airways, Inc.*, 404 F. Supp. 2d 907, 908 (E.D. Va. 2005).

Appellants fail to meet the above three-part test to determine if leave to file an interlocutory appeal should be granted. Appellants have not shown that the Bankruptcy Court's order involves a controlling question of law for which there is a substantial ground for a difference of opinion.[7] Nor would an immediate appeal of the Bankruptcy Court's order materially advance the termination of Appellants' bankruptcy case. Accordingly, the Court should decline to decide this

---

[7]Although the Fourth Circuit has not expanded on the standard for a "substantial ground for difference of opinion," courts in this circuit have recognized that "[a] substantial ground for difference of opinion arises only if the disagreement on controlling law exists between courts, not merely parties." *United States ex rel. A1 Procurement, LLC v. Thermcor, Inc.*, 173 F. Supp. 3d 320, 323 (E.D. Va. 2016). "A substantial ground for disagreement may arise if there is a 'novel and difficult issue of first impression,' or if there is a circuit split and the controlling circuit has not commented on the conflicting issue." *Id.*, citing *Cooke-Bates v. Bayer Corp.*, No. 3:10BCVB261, 2010 WL 4789838, at \*2 (E.D. Va. Nov. 16, 2010). "A substantial ground for difference of opinion exists where reasonable jurists might disagree on an issue's resolution[.]" *Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 688 (9th Cir. 2011).

appeal from the Bankruptcy Court's order denying Appellants' request to impose the automatic

stay. Thus, it is recommended that this interlocutory appeal be dismissed.

B.        Motions to Stay, for Injunctive Relief, and for a Temporary Preservation Order

On February 27, 2026, Appellants filed a pleading in this case titled "Emergency Motion

for Stay Pending Appeal, Injunctive Relief, and Order Compelling Advancement of Appeal." ECF

No. 15. Appellants request that this Court issue an order:

A. Staying and enjoining all actions to market, auction, sell, transfer, close, or otherwise
   dispose of estate property pending appeal;
B. Immediately preserving the status quo through an administrative stay;
C. Compelling advancement of the appeal, including transcript production and expedited
   briefing;
D. Waiving, reducing, or allowing alternative security in lieu of a full supersedeas bond;
   and
E. Granting such further relief as is just and proper.

ECF No. 15 at 2. On March 5, 2026, Appellants filed a pleading titled "Emergency Supplemental

Addendum in Support of Motion to Stay Pending Appeal" in which they contend that the Trustee's

asserted harm is economic and compensable, there is a structural risk created by § 363(d) credit

bidding, the properties are largely unencumbered, they will suffer irreparable harm if an auction is

allowed to proceed before final resolution of lien validity and exemption issues, and the balance

of harms decisively favors a stay. ECF No. 16.

On March 13, 2026, Appellants filed a pleading titled "Emergency Notice of Post-Hearing

Developments and Destruction of Estate Property." Although not titled a motion, Appellants

request that their motion for a stay pending appeal and for injunctive relief be granted, this Court

enjoin further destruction or disposal of property, and this Court prohibit the closing of any sales

on properties pending further order of this Court. Appellants contend that new developments in

Bankr. 25-1384 bear directly on the Court's consideration of their request for stay and

"demonstrate that immediate judicial intervention is necessary to preserve estate assets, maintain

the status quo, and prevent further irreparable harm while appellate review remains pending." They assert that they lost access to the homes in South Carolina where they have allegedly been residing. They appear to contend that because they were at their residence in Michigan and because of their extensive health problems, they could not remove their personal belongings from their four South Carolina properties within the three days given for them to do so. They assert that they have been forced to reside in a vehicle while attempting to participate in legal proceedings in South Carolina. Appellants claim that accelerating the sale of assets will result in a loss of estate value. ECF No. 17.

On March 19, 2026, Appellants filed a pleading titled "Emergency Consolidated Motion for Temporary Preservation Order to Enjoin Creditor Interference, to Consolidate Control of Estate Assets, and Notice of Parallel Enforcement Actions Affecting Estate Property. "They claim that "[i]mmediate judicial intervention is necessary because multiple creditors and entities are presently attempting to exercise control over the same estate property through foreclosure proceedings, possession enforcement, receivership actions, and trustee liquidation efforts occurring simultaneously across multiple forums." In their motion, Appellants argue that this Court possesses authority under 28 U.S.C. § 1651 to issue orders granting the relief they seek. ECF No. 19.

Appellants appear to be requesting that this Court stay the actions of the Bankruptcy Court pending appeal. Under Bankruptcy Rule 8007, a United States District Court may stay a Bankruptcy Court order pending appeal. Fed. R. Bankr. P. 8007. However, the party seeking such a stay bears the burden of demonstrating: (1) likelihood of success on the merits of the appeal; (2) irreparable harm if the stay is denied; (3) that other parties will not be substantially harmed by the stay; and (4) that granting the stay serves the public interest. *Long v. Robinson*, 432 F.2d 977, 979 (4th Cir. 1970); *see also In re Barnes*, No. 20-CV-0027-DKC, 2020 WL 134374, at *1 (D. Md.

12

Jan. 13, 2020). A court determines whether to grant a stay pending appeal through "a balancing of the factors." *Long v. Robinson*, 432 F.2d at 981. The standard for grant of a stay pending appeal is the same standard "as for a preliminary injunction," which "is an extraordinary remedy that may only be awarded upon a clear showing that the [movant] is entitled to such relief." *In re Alpha Nat. Res., Inc.*, 556 B.R. 249, 263 (Bankr. E.D. Va. 2016).[8]

Appellants have not shown likelihood of success on the merits of the appeal. As discussed above, this appeal should be dismissed because it is interlocutory and leave to file an interlocutory appeal should not be granted in this case. Moreover, "a party does not meet its burden on this factor by simply restating previous arguments from earlier filings." *In re Wellington*, 631 B.R. 833, 839 (Bankr. M.D.N.C. 2021). Instead, the Appellants "must make a strong showing that [they will] succeed on the merits on appeal." *BDC Cap., Inc. v. Thoburn Ltd. P'ship*, 508 B.R. 633, 637 (E.D. Va. 2014); *see also In re Wellington*, 631 B.R. at 839 ("A party must instead show 'something more' than what it has argued previously, i.e., "that the issue to be appealed is an issue of first impression in the circuit, or that district courts have disagreed on the issue.'"). Here, Appellants are reiterating their arguments they previously advanced. Moreover, most of the Appellants' arguments appear to concern orders of the Bankruptcy Court that were entered after this appeal was filed that are not a part of the appeal (of the Bankruptcy Court's denial of their motion to impose the automatic stay) in this case. Here, Appellants have not made a "strong showing" of likely success on appeal. *See Nken v. Holder*, 556 U.S. 418, 434 (2009).

---

[8] A party seeking a preliminary injunction must establish all four of the following elements: (1) the party is likely to succeed on the merits; (2) the party is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in the party's favor; and (4) an injunction is in the public interest. *See Winter v. Nat. Res. Def. Council*, Inc., 555 U.S. 7, 20 (2008); *2311 Racing LLC v. NASCAR*, 139 F.4th 404, 408 (4th Cir. 2025).

In support of their assertion that they meet the second factor, irreparable harm if the stay under Bankruptcy Rule 8007 is denied, Appellants make numerous arguments about their health and about not having access to personal and real property in South Carolina. However, the question as to irreparable harm is whether Apellants are harmed without a stay pending their appeal to this Court of the Bankruptcy Court's order denying their motion to impose the automatic stay. No automatic stay was initially imposed in the Bankruptcy Court which was based on the applicable law. *See* 11 U.S.C. § 362(c)(4)(A)(i).[9] Appellants have presented no evidence to dispute that they had two Chapter 13 cases pending within the year before Bankr. 25-1384 was filed. Thus, Appellants cannot show an injury concerning the lack of an automatic stay pending appeal because an automatic stay never existed in the case. Conversely, the third factor is not met because it cannot be said that other parties will not be substantially harmed if a stay is imposed. Thus, Appellants also fail to show that the balance of equities tips in their favor.

Finally, the public interest does not favor a stay. The public has an interest in "efficiently resolving cases." *Jalali v. Pierce Assocs., Inc.*, No. WDQ-11-1069, 2011 WL 3648284, at *3 (D. Md. Aug. 11, 2011); *see also In re Frascella Enters., Inc.*, 388 B.R. 619, 629 (Bankr. E.D. Pa. 2008) (noting that the public interest in "prompt and fair resolution of bankruptcy cases" is not served by "further delay while [a party] pursues an interlocutory appeal to the District Court"). A stay would result in further delays in this already prolonged case. Moreover, the public interest is benefited when the courts comply with the applicable law. As discussed above, there is a presumption under the Bankruptcy Code that the Appellants third Chapter 13 case (Bankr. 25-

---

[9]"[I]f a single or joint case is filed by or against a debtor who is an individual under this title, and if 2 or more single or joint cases of the debtor were pending within the previous year but were dismissed, other than a case refiled under a chapter other than chapter 7 after dismissal under section 707(b), the stay under subsection (a) shall not go into effect upon the filing of the later case[.]" 11 U.S.C. § 362(4)((A)(i).

1384) was not filed in good faith.

Appellants also contend that this Court has authority under the All Writs Act 28 U.S.C. § 1651 (§ 1651) to issue orders necessary to protect its jurisdiction. They request that this Court vacate various orders of the Bankruptcy Court.[10] Federal courts are authorized to issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law. 28 U.S.C. § 1651 However, "[t]he power to issue [such writs] is discretionary and it is sparingly exercised." *Parr v. United States*, 351 U.S. 513, 520 (1956); *see In re Broughton*, 720 F. App'x 159 (4th Cir. 2018) (denying request that district court vacate and order of the bankruptcy court granting the trustee's motion to sell the appellant's property free and clear of liens and transfer liens to the proceeds of the sale). An extraordinary writ should issue only in cases where a court has exceeded or refused to exercise its jurisdiction, or where appellate review will be defeated if a writ does not issue. *Id.* Here, Appellants have not shown that they are entitled to mandamus relief. *See In re Bailes*, No. 90-1019, 1990 WL 85484, at *1 (4th Cir. June 15, 1990) (noting that the granting of a writ of mandamus is a drastic remedy to be used only in extraordinary situations, cannot be used to circumvent the normal trial and appellate processes, that the district court may entertain appeals from interlocutory orders of the bankruptcy courts, and that if the appellant is aggrieved by the district court's disposition of his appeals from the bankruptcy court, his recourse is to appeal to the Court of Appeals once final orders have been entered by both the district and bankruptcy courts).

As discussed above, Appellants fail to show that this Court should stay the Bankruptcy Court's actions or order injunctive relief pending the appeal of the Bankruptcy Court's order

---

[10]Appellants also assert that this Court has authority under 11 U.S.C. § 105(a) to prevent abuse of process or actions that would undermine review. ECF No. 15 at 2. However, they have advanced no facts and arguments that support granting their Motions, nor is the applicability of this section otherwise apparent to the undersigned.

denying their request for imposition of the automatic stay. Thus, it is recommended that Appellants' motions (ECF Nos. 15, 17, and 19) be denied.

## IV.    RECOMMENDATION

Accordingly, it is recommended that this bankruptcy appeal be **DISMISSED**. It is also recommended that Appellants' Motion to Stay Pending Appeal and Motion for Injunctive Relief (ECF No. 15); Emergency Notice of Post-Hearing Developments and Destruction of Estate Property (ECF No. 17); and Emergency Consolidated Motion for Temporary Preservation Order to Enjoin Creditor Interference, to Consolidate Control of Estate Assets, and Notice of Parallel Enforcement Actions Affecting Estate Property (ECF No. 19) be **DENIED**.

**Appellants' attention is directed to the important notice on the following page.**

Molly H. Cherry
United States Magistrate Judge

March 27, 2026
Charleston, South Carolina

16

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).