IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| In re: Jacqueline Elizabeth Ard and Terry Frank Nicola,<br><br>Debtors, | Civil Action No. 9:25-cv-4500-BHH |
| Jacqueline Elizabeth Ard, Terry Frank Nicola,<br><br>Appellants,<br><br>v.<br><br>John B. Kelchner, Lucas S. Fautua, Julie Franklin, Benjamin E. Grimsley, James Wyman,<br><br>Appellees. | **ORDER** |

This matter is before the Court on Appellants' *pro se* appeal from the United States Bankruptcy Court for the District of South Carolina ("Bankruptcy Court"), docket number 25-1384-JD. For the reasons set forth below, the Court dismisses this appeal and denies Appellants' various motions.

## BACKGROUND

On April 10, 2025, Appellants Jacqueline E. Ard ("Ard") and Terry Frank Nicola ("Nicola") (collectively, "Appellants"), appearing *pro se*, filed a Chapter 13 voluntary petition in the United States Bankruptcy Court for the District of South Carolina's ("Bankruptcy Court"). *See* Bankr. No. 2:25-bk-1384-JD. On April 18, 2025, Appellants filed a motion to impose automatic stay in the Bankruptcy Court. *See id.* at Doc. No. 15. The Bankruptcy Court held a hearing on the matter on May 21, 2025, and ultimately denied the motion in

an order filed on May 23, 2025. *See id.* at Doc. Nos. 55, 57.

Appellants filed a notice of appeal in the Bankruptcy Court, and the Bankruptcy Court transferred the matter to this Court. *See id.* at Doc. Nos. 59, 65. (*See also* ECF Nos. 1, 1-1, 1-2.) Appellants paid the appellate filing fee on June 3, 2025, and filed an amended notice of appeal, signed by both parties, on June 25, 2025. (*See* ECF Nos. 3, 6.) Appellants' designation of items to be included in the record on appeal and their statement of issues to be presented were ultimately transmitted to this Court on October 1, 2025. In accordance with 28 U.S.C. § 636(b)(1)(A) and Local Civil Rule 73.02(B)(2)(e), D.S.C., the matter was referred to a United States Magistrate Judge for preliminary review.

On February 27, 2026, Appellants filed a "motion for leave to participate in electronic case filing (ECF) as pro se appellants," which the Magistrate Judge denied in an order filed on March 27, 2026. (ECF Nos. 13, 22.) Appellants also filed an "emergency motion for stay pending appeal, injunctive relief, and order compelling advancement of appeal" and a supplement to that filing. (ECF Nos. 15, 16.) On March 13, 2026, Appellants filed an "emergency notice of post-hearing developments and destruction of estate property," and on March 19, 2026, Appellants filed an "emergency consolidated motion for temporary preservation order, to enjoin creditor interference, to consolidate control of estate assets, and notice of parallel enforcement actions affecting estate property." (ECF Nos. 17, 19.)

On March 27, 2026, the Magistrate Judge issued a Report and Recommendation ("Report"), outlining the issues and recommending that the Court dismiss this appeal and deny Appellants' pending motions. (ECF No. 24.)

Appellants filed objections to the Magistrate Judge's Report on March 30, 2026, as well as an appeal of the Magistrate Judge's order denying their motion for leave to

participate in electronic case filing. (ECF Nos. 26, 27.) Also, on April 9, 2026, Appellants filed a notice of imminent mootness and request for immediate ruling by April 10, 2026. (ECF No. 29.)

**STANDARD OF REVIEW**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report to which a specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court also may "receive further evidence or recommit the matter to the magistrate with instructions." *Id.*

In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

Additionally, in reviewing this matter, the Court is mindful of Appellants' *pro se* status, as the Court is charged with liberally construing the pleadings of a *pro se* litigant. *See, e.g.*, *Erikson v. Pardus*, 551 U.S. 89 (2007); *De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003). The requirement of liberal construction does not mean, however, that the Court can ignore a clear failure in the pleadings to allege facts that set forth a cognizable

claim in this Court. *See Well v. Dep't of Soc. Servs. for City of Baltimore*, 901 F.2d 387, 391 (4th Cir.1990) ("The special judicial solicitude with which a district court should view pro se complaints does not transform the court into an advocate.").

## DISCUSSION

### I. The Magistrate Judge's Findings

In her Report, the Magistrate Judge first carefully set forth the relevant procedural background, not only as to the bankruptcy case underlying this appeal but also as to Appellants' prior bankruptcy actions (and Appellants do not object to this portion of the Report). (*See* ECF No. 24 at 1-5.) Then, the Magistrate Judge summarized the Bankruptcy Court's findings in its order currently on appeal, i.e., the Bankruptcy Court's order denying Appellant's motion to impose automatic stay. (*Id.* at 6. (summarizing Doc. No. 57 in Bankr. No. 2:25-bk-1384-JD).) As the Magistrate Judge explained, the Bankruptcy Court found that an automatic stay was not warranted because Appellants had two prior bankruptcy cases dismissed within the previous twelve months of filing their April 2025 bankruptcy petition. (*Id.*) As the Magistrate Judge further explained, the Bankruptcy Court cited 11 U.S.C. §§ 362(c)(4)(A)(i) and 362(c)(4)(D)(i)(I) in finding that Bankr. No. 2:25-bk-1384-JD was not filed in good faith and that Appellants failed to satisfy their burden of rebutting that presumption by clear and convincing evidence. *See* Doc. No. 57 at pp. 7-12 in Bankr. No. 2:25-bk-1384-JD.

Next, the Magistrate Judge considered the threshold question of whether Appellant's appeal of the Bankrtuptcy Court's order was proper, noting that although final orders of a bankruptcy court are appealable to the district court as a matter of right pursuant to 28 U.S.C. § 158(a)(1), interlocutory orders and decrees of the bankruptcy court generally

require leave of the district court for appellate review under § 158(a)(3). (ECF No. 24 at 7.) Ultimately, the Magistrate Judge concluded that Appellants' appeal is interlocutory because it does not end litigation or settle merits questions in the case pending in the Bankruptcy Court. (*Id.* at 8.) As such, the Magistrate Judge found that Appellants were required to seek leave of the district court to appeal the matter, noting that the district court has discretion whether to grant such leave. (*Id.*)

Then, after construing Appellants' notice of appeal as a motion for leave to appeal an interlocutory order, in accordance with Federal Rule of Bankruptcy Procedure 8004(d), the Magistrate Judge found that Appellants failed to satisfy the test that district courts employ when evaluating motions for leave to appeal under 28 U.S.C. § 158(a)(3). (*Id.* at 9-10 (citing cases).) Specifically, the Magistrate Judge found that Appellants had not shown that the Bankruptcy Court order involves a controlling question of law for which there is a substantial ground for a difference of opinion, nor that an immediate appeal would materially advance the termination of Appellants' bankruptcy case. (*Id.* at 10.) As such, the Magistrate Judge recommended that the Court decline to grant leave to file an interlocutory appeal and instead dismiss the matter. (*Id.* at 11.)

Additionally, the Magistrate Judge considered Appellants' additional filings and motions for stay, for injunctive relief, and for a temporary preservation order (which were filed on February 27, March 5, March 13, and March 19, respectively) and found that Appellants were not entitled to the relief they sought because they failed to demonstrate: (1) a likelihood of success on the merits of the appeal (because it is interlocutory and because leave to file the interlocutory appeal should be denied); (2) irreparable harm if the stay is denied (because no automatic stay ever existed in the first place under 11 U.S.C.

§ 362(c)(4)(A)(I), as Appellants did not offer evidence to dispute that they had two Chapter 13 cases pending within the year before filing Bankr. No. 2:25-bk-1384-JD); (3) that Appellants cannot show that the balance of equities tips in their favor; or (4) that granting the stay serves the public interest. (*Id.* at 11-14.) Additionally, the Magistrate Judge found that Appellants have not shown that they are entitled to mandamus relief under the All Writs Act, 28 U.S.C. § 1651. (*Id.* at 15.) As such, the Magistrate Judge recommended that the Court dismiss this appeal and deny Appellants' other motions. (*Id.* (recommending denial of ECF Nos. 15, 17, 19).)

## II. Appellants' Objections to the Magistrate Judge's Report

In their written objections to the Magistrate Judge's Report, Appellants first object generally to the alleged erosion of the judicial system as a whole, asserting that dismissal of their appeal without an opportunity to be heard and without a chance to present their case "departs from the core purposes of judicial review and due process." (*See* ECF No. 27 at 1-3.) Then, as a "preliminary objection," Appellants "object to the Report and Recommendation's implicit conclusion that this Court may dispose of their appeal without candidly acknowledging, or fairly weighing, the steps [Appellants] have taken to invoke appellate jurisdiction and create a complete record." (*Id.* at 3.) To that end, Appellants assert that the Magistrate Judge did not mention their motion for leave to appeal, filed in the Bankruptcy Court, and instead "treats only the later Notice of Appeal in this Court as operative and concludes that, because Appellants 'did not request leave to file an interlocutory appeal in this Court,' the appeal should be dismissed.'" (*Id.* at 3-4.)

After review, the Court finds this "preliminary objection" unavailing. Contrary to Appellants' characterization, the Magistrate Judge *did* mention Appellants' filing of a notice

of appeal in the Bankruptcy Court, and although the Magistrate Judge noted that Appellants did not request leave to file an interlocutory appeal *in this Court* as required by 28 U.S.C. § 158(a)(3), that is not why the Magistrate Judge recommended dismissal of this appeal. (*See* ECF No. 24 at 3, 9.) Indeed, the Magistrate Judge specifically construed Appellants' notice of appeal as a motion for leave to appeal, but she ultimately recommended that the Court deny leave to file an interlocutory appeal after considering the relevant factors. (*Id.* at 10 (analyzing the factors that courts consider when deciding whether to grant leave to file an interlocutory appeal).) Thus, the Court finds no merit to Appellants' assertion that their appeal "is being dismissed on a procedural ground that Appellants in fact satisfied." (ECF No. 27 at 4.) As such, the Court overrules Appellants' "preliminary objection."

As a first, non-preliminary objection, Appellants assert that the Magistrate Judge erred in concluding that the Bankruptcy Court's order denying their motion to impose automatic stay was an interlocutory order rather than a final, appealable order under 28 U.S.C. § 158(a)(1). (*Id.* at 5.) In support of their argument, Appellants point to the Supreme Court's decision in *Ritzen Group, Inc. v. Jackson Masonry, LLC*, 589 U.S. 35 (2020), and assert, *inter alia*, that the Bankruptcy Court's order conclusively determined the stay-of-relief dispute, leaving nothing else for the Bankruptcy Court to decide on that issue even though the case continued. (*Id.*) According to Appellants, the Magistrate Judge's finding that the Bankruptcy Court's order is interlocutory rather than final is incorrect because her reasoning conflates finality of the entire bankruptcy case with finality of a discrete dispute within the case. (*Id.* at 6.) Appellants further assert that, even if the Court disagrees with them, "the question whether an order conclusively denying imposition of any stay under § 362(c)(4) is 'final' is itself a controlling question of law as to which there is

substantial ground for difference of opinion under the § 1992(b) standard applied by analogy to § 158(a)(3)." (*Id.*) As such, Appellants ask the Court to hold that the Bankruptcy Court's order denying their motion for automatic stay is a final order under *Ritzen* or, alternatively, if the Court deems the Bankruptcy Court's order interlocutory, to grant them leave to appeal under § 158(a)(3). (*Id.*)

After *de novo* review, the Court is not persuaded that this Court has jurisdiction of this appeal under 28 U.S.C. § 158(a)(1) and *Ritzen.* Under § 158(a)(1), district courts have jurisdiction to hear appeals of *final* judgments, orders, and decrees of bankruptcy courts. 28 U.S.C. § 158(a)(1). "Orders in bankruptcy cases qualify as 'final' when they definitively dispose of discrete disputes within the overarching bankruptcy case." *Ritzen*, 589 U.S. at 37 (internal citation omitted); *In re Daufuskie Island Props., Inc.*, 441 B.R. 49, 55 (Bankr. D.S.C. 2010) ("Final orders are those that resolve the litigation, decide the merits, settle liability, establish damages, or determine the rights of the parties" (citing *In re Looney*, 823 F.2d 788, 790 (4th Cir. 1987))).

In *Ritzen*, the Supreme Court held that an order "conclusively denying" a "motion *for relief from*" § 362(a)'s automatic stay is a final order that is immediately appealable. 589 U.S. at 43 (emphasis added). But here, the order at issue is one denying a motion *to impose* automatic stay. In other words, no stay was in place under § 362(a) before Appellants filed their motion and thus no party was seeking *relief from* an automatic stay, as was the case in *Ritzen*. *See also In re Roney*, No. 2:26-cv-03604-MCS, 2026 WL 1270039, *2 (C.D. Cal. May 7, 2026) ("In arguing *Ritzen* confirms the Court's jurisdiction to hear this appeal, Appellant overlooks that she filed a motion trying to *enforce* the automatic stay rather than seeking *relief* from it. The distinction is important.") (emphasis

in original). Thus, the Court tends to agree with the Magistrate Judge that Appellants seek to appeal an interlocutory order.[1]

Nevertheless, *even assuming* the Court is wrong, and accepting Appellants' argument that the Bankruptcy Court's order is a final order that is immediately appealable under *Ritzen*, the Court would affirm the Bankruptcy Court's order because the Court finds no clear error in the Bankruptcy's Court's factual findings and no error in its legal findings after *de novo* review. Nor does the Court find that the Bankruptcy Court otherwise made a mistake or abused its discretion. Fed. R. Bankr. P. 8013; *In re Taneja*, 743 F. 3d 423, 429 (4th Cir. 2014);*United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948).

As the Bankruptcy Court explained in its order denying Appellants' motion to impose automatic stay, pursuant to 11 U.S.C. § 362(c)(4)(A), if a debtor files a case under Title 11 of the Bankruptcy Code and two or more cases of the debtor were pending within the previous twelve months but were dismissed, then "the stay under subsection (a) shall not

[1] As the Magistrate Judge explained, an interlocutory order cannot be appealed from the Bankruptcy Court as a matter of right, and pursuant to 28 U.S.C. § 158(a)(3), Appellants first must seek leave of this Court before appealing an interlocutory order. Leave to appeal is governed by Federal Rule of Bankruptcy Procedure 8004(d), which provides that "[i]f an appellant timely files a notice of appeal . . . but does not include a motion for leave, the district court . . . may order the appellant to file a motion for leave, or treat the notice of appeal as a motion for leave and either grant or deny it." "Under § 158(a), the decision whether to grant leave to appeal from a bankruptcy court's interlocutory order is committed to the district court's discretion." *In re Wallace & Gale Co.*, 72 F.3d 21, 25 (4th Cir. 1995). Courts in this district employ an analysis similar to the analysis that circuit courts of appeals use when certifying interlocutory review under 28 U.S.C. § 1292(b). *See, e.g., In re Rood*, 426 B.R. 538, 548 (D. Md. 2010); *Prologo v. Flagstar Bank, FSB*, 471 B.R. 115, 129 (D. Md. 2012). Section 1292(b), in turn, permits certification of an interlocutory appeal when the "order involves a controlling question of law as to which there is substantial ground for difference of opinion and . . . an immediate appeal from the order may materially advance the ultimate termination of the litigation."

Here, assuming the Bankruptcy Court's order at issue is interlocutory in nature, as the Magistrate Judge concluded, and construing Appellants' notice of appeal as a motion for leave to file an interlocutory appeal, this Court, in exercising its discretion, would deny Appellants permission to appeal under the circumstances, as the Court agrees with the Magistrate Judge that Appellants have not demonstrated that the Bankruptcy Court's order involves a controlling question of law as to which there is substantial ground for difference of opinion; nor have Appellants shown that an immediate appeal would materially advance the termination of the Bankruptcy case.

go into effect upon the filing of the later case; and (ii) on request of a party in interest, the court shall promptly enter an order confirming that no stay is in effect." 11 U.S.C. § 362(c)(4)(A)(i)-(ii). Under 11 U.S.C. § 362(c)(4)(B), "if, within 30 days after the filing of the later case, a party in interest requests the court may order the stay to take effect in the case as to any or all creditors . . . only if the party in interest demonstrates that the filing of the later case is in good faith as to the creditors to be stayed." Section 362(c)(4)(D) then states that "for purposes of subparagraph (B), a case is *presumptively* filed not in good faith" if, among other reasons, "2 or more previous cases under this title in which the individual was a debtor were pending within the 1-year period"—which is the case here. 11 U.S.C. § 362(c)(4)(D) (emphasis added). However, this "presumption may be rebutted by clear and convincing evidence to the contrary." *Id.*; *see Tidewater Fin. Co. v. Williams*, 498 F.3d 249, 259 (4th Cir. 2007) ("Although a debtor can argue that the stay should be in effect, the debtor bears the burden of rebutting, by clear and convincing evidence, a presumption that he or she filed the most recent petition in bad faith."). "Clear and convincing evidence is a somewhat stringent standard, requiring a showing of proof 'beyond preponderance,' but below 'beyond reasonable doubt.'" *In re Moss*, 633 B.R. 711, 713 (Bankr. D.S.C. 2021) (citations omitted).

Good faith is not defined within § 362(c)(4)(D), and the Fourth Circuit has not directly addressed the standard to apply when determining "lack of good faith." Other courts have applied a totality-of-the-circumstances test, which requires a fact-intensive, case-by-case analysis. *In re McKenzie*, No. 26-ooo44-EG, 677 B.R. 305, 312 (Bankr. D.S.C. 2026); *In re Scarborough*, No. 07-15269ELF, 2007 WL 3165544, at *4 (Bankr. E.D. Pa. Oct. 25, 2007). When applying the totality-of-the-circumstances test, courts consider various

factors. *See In re Gasperini*, No. 25-21528, 2025 WL 1537695, at *3 (Bankr. D. Utah May 29, 2025) (applying a nine-factor test to determine whether the debtor had filed in good faith); *In re Blankenship*, No. 1:25-BK-11129-NWW, 2025 WL 1821144, at *4 (Bankr. E.D. Tenn. July 1, 2025) (applying a non-exhaustive list of seven factors in determining whether a subsequent case was filed in good faith); *In re Winters*, No. 06-70447, 2006 WL 3392890, at *4 n.6 (Bankr. W.D. Va. Nov. 22, 2006) (adopting a non-exhaustive list of six factors). This district has previously applied at least four factors in considering whether a debtor filed in good faith, including "1) Debtor's past bankruptcy filings, which includes a determination of whether Debtor experienced a change in circumstances warranting another filing; 2) the period of time that elapsed between Debtor's filings; 3) Debtor's pre-petition behavior; and 4) the effect of Debtor's repeated filings on creditors." *In re Moss*, 633 B.R. at 713 (citing *In re Thomas*, 352 B.R. 751, 756 (Bankr. D.S.C. 2006)).

Here, the Bankruptcy Court found that Appellants had two bankruptcy cases within the past twelve months before filing Case No. 2:25-bk-1384-JD, a fact that Appellants do not dispute, and the Bankruptcy Court found that Appellants' filing of Case No. 2:25-bk-1384-JD was presumptively not in good faith under the relevant statute. *See* 11 U.S.C. § 362(c)(4)(D). Next, the Bankruptcy Court found that Appellants failed to rebut the presumption of bad faith by clear and convincing evidence, noting, *inter alia*, that Appellants failed to attend the hearing on their motion before the Bankruptcy Court and failed to prosecute; that the motion was "just one example of Debtors' broader pattern of excuse, delay, and failure to take responsibility in the cases they have filed"; that Appellants did not show "a change in circumstances warranting another filing due to the dearth of information provided in their prior two cases"; and that "Debtors['] filings indicate a lack of candor."

*See* Doc. 57 in Bankr. No. 2:25-bk-1384-JD at 8-9, 11.

Here, after a careful review of the filings submitted by Appellants in this action, after considering the totality of the circumstances and taking judicial notice of the matters in Appellants' other actions in the Bankruptcy Court and other actions in this Court, the Court finds no clear error in the Bankruptcy Court's factual findings. Nor does the Court find that the Bankruptcy Court erred or otherwise abused its discretion in finding that Appellants failed to rebut the bad faith presumption with clear and convincing evidence and denying Appellants' motion to impose automatic stay. Accordingly, the Court finds that, even assuming the Bankruptcy Court's order is a final order under *Ritzen*, Appellants are not entitled to relief.

Relatedly, the Court considers Appellants' objection that the Magistrate Judge misapplied 11 U.S.C. § 362(c)(4) and ignored Appellants' disability-related evidence bearing on good faith. (*See* ECF No. 27 at 7.) According to Appellants, the Magistrate Judge failed to acknowledge Appellants' documented disabilities, which limited their ability to travel, and Appellants ask the Court to hold that the Bankruptcy Court and the Magistrate Judge failed to conduct the required fact-specific good faith analysis required by § 362(c)(4)(D), due process, and disability-rights law. (*Id.* at 8.) Similarly, in their next objection, Appellants assert that the Magistrate Judge treated the facts of their disability as legally irrelevant, and Appellants assert that their rights under the ADA are being denied. (*Id.*)

After *de novo* review, however, the Court is not convinced that Appellants' disability-related arguments alter the outcome of this matter. Stated simply, while the Court is sympathetic to Appellants' circumstances, the record as a whole simply does not support

a finding that they have been denied access to the courts or to meaningful involvement in their many cases. Additionally, as set forth above, and even accepting all of Appellants' allegations as true, the Court still finds no error in the Bankruptcy Court's findings under 11 U.S.C. § 362(c)(4)(A) and (D). Accordingly, these objections are overruled.

As a next objection, Appellants assert that the Magistrate Judge erred in finding that they did not make a strong showing of a likely success on appeal. (ECF No. 27 at 10-11.) Appellants also object that the Magistrate Judge misconstrued their All Writs Act request by characterizing it as a bid for mandamus relief and asserting that they only "ask for limited preservation orders to prevent the case from becoming moot." (*Id.* at 11.) Lastly, Appellants object that they have acted in good faith at all times and assert that their actions are irreconcilable with the Bankruptcy Court's presumptive finding of bad faith. (*Id.*)

After *de novo* review, and for all of the reasons set forth above, the Court finds no merit to these objections, and the Court otherwise finds no basis to award Appellants the relief they seek. Similarly, as to Appellants' appeal of the Magistrate Judge's order denying their motion for leave to participate in electronic case filing, the Court disagrees with Appellants that the Magistrate Judge misapplied Rule 5(d)(3) or the Local Civil Rules of this District. Nor does the Court find that the Magistrate Judge's order violates Section 504 of the Rehabilitation Act or results in an unconstitutional denial of meaningful access to the courts. As Appellants themselves note in their objections, they "have actively participated in, and filed responsive pleadings in, eight active court proceedings across three judicial districts, all while navigating an unusually complex bankruptcy posture as disabled, *pro se* litigants." (ECF No. 27 at 12.) Thus, the Court does not find that they have been denied meaningful access to the courts.

## CONCLUSION

Based on the foregoing, the Court adopts the Magistrate Judge's Report (ECF No. 24) and overrules Appellants' objections (ECF No. 27). Furthermore, the Court goes one step further than the Magistrate Judge and also finds that, even assuming the Bankruptcy Court's order denying Appellants' motion to impose automatic stay is a final order that is immediately appealable under *Ritzen*, Appellants are not entitled to relief because the Bankruptcy Court committed no error or abuse of discretion in finding that Appellants failed to rebut the presumption of bad faith by clear and convincing evidence and denying their motion. The Court thus denies Appellants' various motions for relief in this action (ECF Nos. 15, 17, 19); the Court overrules Appellants' objections to the Magistrate Judge's order denying their motion for leave to participate in electronic case filing (ECF No. 26); and the Court hereby dismisses this appeal.

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

August 28, 2026
Charleston, South Carolina